[No. 2502]

## IN THE MATTER OF THE APPLICATION OF ISAAC RANKIN FOR A WRIT OF HABEAS CORPUS.

[199 Pac. 474]

1. HABEAS CORPUS — USE OF ILLEGAL EVIDENCE AT PRELIMINARY HEARING NOT GROUND FOR DISCHARGE.

     Whether or not an information may be dismissed on the ground that it was obtained by the use of evidence acquired by means of an illegal search warrant, the use of such illegal evidence is not sufficient to warrant the discharge of accused on a writ of habeas corpus.

2. CRIMINAL LAW—DISMISSAL OF MISDEMEANOR INFORMATION FOR PURPOSE OF FILING AMENDED INFORMATION DOES NOT BAR SUBSEQUENT PROSECUTION.

     Where the record shows that the original information was expressly dismissed without prejudice for the purpose of allowing the filing of a new information for the same offense based on the same preliminary proceedings, there was no dismissal of the prosecution within Rev. Laws, 7398, 7399, Stats. 1919, 437, which would be a bar to another prosecution for the same misdemeanor under section 7401.

3. CRIMINAL LAW — INTOXICATING LIQUORS — INITIATIVE PROHIBITION ACT IS CONSTITUTIONAL, AND DISTRICT COURT HAS JURISDICTION.

     The Initiative Prohibition Act is constitutional, and the district court has jurisdiction in all cases of its violation.

ORIGINAL PROCEEDING.   Application for writ of habeas corpus by Isaac Rankin.   **Proceeding dismissed, and petitioner remanded to custody.**

*J. G. Thompson,* for Petitioner:

The search warrant was illegal.   Such a warrant must be based on probable cause and supported by affidavit. Rev. Laws, 7417.   Nor was it valid under the prohibition act.   Stats. 1919, p. 1, sec. 9.   Where affiant makes affidavit as to facts, they must be stated; mere belief is not sufficient.   Lippman v. People, 175 Ill. 112. Where formalities are required, they must be strictly complied with.   Commonwealth v. Hinds, 145 Mass. 182; State v. Brennan, 25 Conn. 278.   "To lay the foundation for a search warrant, the oath must state that the property is concealed in some designated place."

Haworth v. Howell, 102 Iowa, 545; State v. Certain Liquors, 64 Iowa, 300; Const. Nev. art. 1, sec. 18.

"A search warrant must specify particularly the place to be searched, and general warrants to search unnamed places are illegal at common law, as well as under the provisions of federal and state courts." Lennon v. Britten, 145 Ill. 243; Johnson v. Comstock, 14 Hun, 238; State v. Liquors, 44 Vt. 208; Lowry v. Gridley, 30 Conn. 450; State v. Robinson, 33 Me. 564. "The description should not be such as to leave any discretion to the officer as to the place to be searched." State v. Liquors, supra; Hume v. Taber, 1 R. I. 464; Gruman v. Raymond, 6 Am. Dec. 200; Sanford v. Nicholls, 13 Mass. 286.

When a misdemeanor charge is dismissed, another prosecution for the same offense is barred. "An order for the dismissal of the action, as provided in this chapter, shall be a bar to another prosecution for the same offense if it be a misdemeanor." Rev. Laws, 7401.

*Frank T. Dunn*, District Attorney, and *Ryland G. Taylor*, Deputy District Attorney, for Respondent:

The petition does not state facts sufficient for the granting of the writ. It does not state in what the alleged illegality of the imprisonment consists. Ex Parte Allen, 12 Nev. 87; Ex Parte Deny, 10 Nev. 212; State v. Dobson, 36 S. W. 238; Ex Parte Cuddy, 22 L. Ed. 154.

For the purpose of discharging petitioner, the court will not on habeas corpus consider the sufficiency of the facts relied upon as evidencing former jeopardy, since that is a matter which should be specially pleaded in the court having jurisdiction of the second or last prosecution. Ex Parte Maxwell, 11 Nev. 429; Steiner v. Merton, 32 Pac. 1063; Pitner v. State, 44 Tex. 578; In Re Meughan, 21 Pac. 1088; State v. Sistrunk, 35 South. 39; Ex Parte Barnett, 10 S. W. 492; In Re Miller, 51 Pac. 922.

Opinion of the Court—Sanders, C. J.

It is not the province of this court upon habeas corpus to pass upon mere errors or irregularities of the trial court. If petitioner feels himself aggrieved, his remedy is by appeal. Ex Parte Smith, 2 Nev. 238; Ex Parte Winston, 9 Nev. 71; Ex Parte Maxwell, supra; Ex Parte Gafford, 25 Nev. 101; Ex Parte Davis, 33 Nev. 309; Ex Parte Breckenridge, 34 Nev. 275; In Re Crane, 40 Nev. 339.

The filing of the second information was legal and proper. It purpose was merely to amend. 3 Rev. Laws, p. 3400; Ex Parte Hironymus, 38 Nev. 194. The provisions of section 7401, Rev. Laws, do not apply.

By the Court, SANDERS, C. J.:

The petitioner seeks his discharge upon habeas corpus. In brief, he shows the following facts:

The district attorney of Nye County filed an information against petitioner, charging him with having violated section 3, Stats. 1919, c. 1, p. 1, known as the "Initiative Prohibition Act." Petitioner moved to quash said information, upon the ground that the warrant of commitment of the justice of the peace of Tonopah township was not founded upon legal or competent evidence, but upon evidence procured solely by and through an illegal blanket search warrant issued by the judge of the district court of said county. He also interposed a demurrer to the information, upon the grounds that said Prohibition Act is unconstitutional, in that its title is not sufficiently broad to cover and to include the offense charged, and that said act has been superseded by the Eighteenth Amendment to the Constitution of the United States.

The motion to quash having been denied and the demurrer overruled, on the date finally fixed for taking the petitioner's plea, the district attorney moved the court for leave to dismiss the information without prejudice, which leave was granted, and another information was filed, charging the same offense, to which

the petitioner was asked to plead. Before the date fixed for plea to the second information the petitioner obtained this writ of habeas corpus. The return to the writ shows the proceedings that actually took place relative to the leave granted the district attorney to file what he denominates an amended information, which for clearness we set out in its entirety:

"District Attorney—I would like to ask the court for permission to make an order without prejudice, setting aside the information as filed in this case, and grant me permission to file new information on the ground that the former one, I think, is not proper in form.

"The Court—I can grant the order setting aside the present information, but cannot grant an order for the new information until you are ready.

"District Attorney—I have the information ready for you.

"The Court—The present information will be dismissed without prejudice.

"District Attorney—I would like permission to file a new information in relation to the same offense only in a different form from what the first one was, charging the same offense—on the same proceedings in the justice's court and the same facts.

"The Court—Permission is granted to file the information.

"Mr. Thompson—We take an exception, if your honor please.

"The Court—The bond is fixed in the sum of $1,000, qualification to be by 5 o'clock this afternoon. Proceed with the arraignment.

"Clerk reads the arraignment to the defendant. 'Is Isaac Rankin your true name?'

"Defendant—Yes.

"Mr. Thompson—I would like until the 18th to plead in this matter.

"District Attorney—No objection.

"The Court—This matter is continued for plea until April 18 at 10 o'clock a. m., being Monday."

1.   Counsel for petitioner strongly urges that, notwithstanding the court's ruling adversely to his contention on his motion to quash for lack of competent evidence to warrant his commitment, the question may be inquired into and reviewed on this proceeding.   His point is, as we understand it, that the evidence on which he was held to answer was obtained by and through an illegal search warrant, and that therefore the district court should have set aside the information filed against him.   Not conceding this to be one of the grounds for setting aside an indictment or information, we are of the opinion that the fact that the evidence on which it is grounded was obtained by and through an illegal source, if such be the fact, is not sufficient to warrant his discharge on habeas corpus.

2.   It is next insisted that the leave given the district attorney to dismiss the information without prejudice is tantamount to and was in effect a dismissal of the action, and the offense charged being that of a misdemeanor, the order of dismissal is a bar to another prosecution for the same offense.   Rev. Laws, 7401.   If the court had directed the action to be dismissed within the meaning and contemplation of dismissal of actions, as provided in chapter 43 of the Criminal Practice Act, we should unhesitatingly perpetuate the writ.   But there was no order of dismissal of the action within the meaning of any provisions of that chapter, or at all. On the contrary, the transcript of the proceedings above set out shows clearly that the order was explicitly made for the purpose of amending the information, with no thought or idea of dismissing the action.   We are unable to hold, therefore, that the order given is equivalent to an order which the statute contemplates should be made to dismiss a prosecution.   Rev. Laws, 7398–7399; Stats. 1919, 437.   It follows that the prosecution is not at an end, and the petitioner is therefore not entitled to his discharge upon this ground.

3.   Recent decisions are decisive of the constitutionality of the Initiative Prohibition Act and the jurisdiction of district courts in all cases of its violation.   Ex

Parte Zwissig, 42 Nev. 360, 178 Pac. 20; Ex Parte Cerfoglio, 44 Nev. 343, 195 Pac. 96; Ex Parte McGee, 44 Nev. 23, 189 Pac. 622; Ex Parte Arascada, 44 Nev. 30, 189 Pac. 619.

The proceeding is dismissed, and it is ordered that the petitioner surrender himself into the custody of the sheriff of Nye County, from which he was released on bail pending the hearing on this proceeding, and that upon his so surrendering himself his bail be exonerated.