[Crim. No. 2472.   Third Dist.   Dec. 9, 1953.]

THE PEOPLE, Respondent, v. ANGIE BASCO, Appellant.

John L. Briscoe, Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was informed against by the District Attorney of San Joaquin County for the crime of possessing narcotics. She was convicted and appeals from the judgment of conviction and from the order of the court denying her motion for a new trial.

On April 13, 1953, at about 2:30 p. m. police officers stopped appellant and one Rudy Landeros as they ascended the stairway from the lobby of a Stockton hotel en route to their room. The officers made a superficial search, then went on to the room where a further search revealed two boxes of narcotics which Landeros was carrying concealed in the front of his trousers. No narcotics were found on appellant. The officers showed the packages to appellant, however, and asked her if there were any more and she replied that there were not, that the officers "had all of it." In a statement given later, appellant said that she knew her companion had the narcotics in his possession and in the front of his trousers. Also she said that she had known he had the narcotics when they left Los Angeles to come to Stockton and ever since he got them; that she also brought a quantity of narcotics with her on that trip. Appellant had been living with Rudy Landeros for sometime and they were registered at the hotel where they were intercepted as "Mr. and Mrs. Loma." They had lived together at three other hotels, all in Stockton, and within 10 days. The only narcotics found in the possession of either was that found on the person of Landeros. Appellant said she had used that which she brought. Appellant denied that

the narcotics found on Landeros belonged to her and that she had any interest therein or had ever had possession thereof. Since appellant was accused of unlawful possession, and there being no direct evidence thereof, the sufficiency of the evidence to sustain her conviction must rest in circumstances. This circumstantial evidence may be summarized as follows: Appellant was a user of narcotics. She brought a quantity of narcotics to Stockton from Los Angeles a few days before her arrest. She and Landeros came from Los Angeles together, registered as husband and wife and moved several times in a short period from hotel to hotel. The quantity of narcotics found on Landeros amounted to 128 capsules of heroin valued at $5.00 per capsule. Appellant, as stated above, indicated she knew how much heroin was being carried by Landeros while in her company. It is the claim of the prosecution that from the foregoing the jury could reasonably infer a joint possession of the narcotics between appellant and Landeros.

A person may be so closely interested in and connected with the unlawful possession of narcotics by another as to furnish support for a finding that there was a joint possession. (*People* v. *Le Baron,* 92 Cal.App. 550, 561 [268 P. 651, 269 P. 476].) See, also, *People* v. *Bill,* 140 Cal.App. 389, 397 [35 P.2d 645], where the court said: ''Even though the cocaine were found in the joint possession of the defendant and Evelyn Moore, he would be guilty of violating the statute prohibiting the possession of narcotic drugs.'' See, also, *People* v. *Noland,* 61 Cal.App.2d 364 [143 P.2d 86], holding the evidence there was sufficient to show possession of narcotics found in a vase located in a hallway, the court saying that it was unnecessary in such cases to prove that the person accused had the narcotics on his person. Nothing in *Grantello* v. *United States,* 3 F.2d 117, relied on by appellant, is contrary to the statements in the foregoing cases, as the Grantello case must be distinguished on its facts.

Applying the law as laid down in the statute involved and in the cases referred to, we think the evidence was sufficient to sustain the appellant's conviction. It could not be, and indeed is not, contended that the possession of Landeros was lawful. The jury were entitled to infer that appellant knew this and had known it before leaving Los Angeles; that the quantity Landeros had was large and that heroin in that amount was quite valuable; that the handling of the heroin and its concealment as engaged in by Landeros to appellant's knowledge and in her company, along with the frequent mov-

ing from one hotel to another and the carrying of heroin in that amount on the person of Landeros in the early morning hours was proof that appellant was a participant in the unlawful acts of Landeros and, with him, jointly interested in the drug and hence constructively in possession of it.

Attacking the evidence of constructive possession as being entirely circumstantial, appellant relies upon *Willsman* v. *United States*, 286 F. 852, 854, 855, 856, which declares that the evidence respecting possession of narcotics as presented in that case was wholly circumstantial, was compatible with the theory of innocence, and that in such a situation it was the duty of an appellate court to reverse a judgment of conviction. Whatever may be the rule in the Federal jurisdiction, the rule in California is otherwise. ▮ *People* v. *Huizenga*, 34 Cal.2d 669 [213 P.2d 710], holds: It is not the function of a reviewing court to determine whether the circumstances relied on to justify a verdict of conviction might be reasonably reconciled with the innocence of defendant. The court must assume in favor of the verdict the existence of every fact that the jury could reasonably determine from the evidence and then determine whether or not a reasonable jury could find defendant guilty beyond a reasonable doubt. (See, also, *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

The judgment and the order appealed from are affirmed.

Schottky, J., and Paulsen, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.