[Crim. No. 3602.   First Dist., Div. Two.   Jan. 25, 1960.]

THE PEOPLE, Respondent, v. GEORGE MOLLER, Appellant.

George Moller, in pro. per., and Burton M. Greenberg, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Edward P. O'Brien, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant George Moller was charged by indictment jointly with one Billings with three felonies: 1. robbery; 2. assault with intent to commit murder; and 3. possession of narcotics. The indictment further charged three prior felony convictions of appellant. The indictment was later amended to charge two prior felony convictions of appellant, which two convictions appellant admitted. Appellant made a motion for separate trial which was denied and the two defendants were jointly tried before a jury which found both defendants guilty on all three counts, the jury further finding the robbery to be of the first degree.

The prosecution's evidence showed the following:

Shortly after 5:30 p.m., April 17, 1958, the two defendants entered a pharmacy in San Francisco. Present were the proprietor, Mau, and two employees. Billings pointed a gun at these three and forced them to lie on the floor in a back room. After defendants attempted to open the cash register without

success, Billings struck Mau and demanded that he open the cash register. When Mau had difficulty in opening the register Billings hit him with the gun and threatened to shoot him. Appellant then asked Mau about the key and Mau got the key and opened the register. Money and checks were taken from the register. Billings then demanded narcotics from Mau. Mau offered Billings a cigar box containing narcotics but Billings demanded "the big stuff." When Mau replied that he did not know what Billings wanted Billings shot Mau in the chest seriously wounding him. Billings seized two bottles of codeine capsules and fled. Mau followed and saw Billings enter an automobile which pulled away. Mau fired three shots after the fleeing automobile.

Four high school boys saw a man run out of the store and enter an automobile. Two of them identified the fleeing man as Billings and the driver of the automobile as appellant. One of Mau's employees, Englund, informed the boys of the robbery. The boys followed the automobile until it parked in front of Billings' home. They saw both Billings and appellant climbing the stairs. The boys called a policeman who arrested appellant immediately and Billings shortly afterwards in a nearby bar.

Billings freely admitted the robbery although he claimed that Mau was accidentally shot in a struggle for a gun, and denied demanding narcotics. Both Billings and appellant denied that appellant had any connection with the crimes.

■ It is clear from this recital that there was ample evidence to support a jury's finding that the two defendants were engaged in a joint criminal venture and that appellant was equally guilty with Billings of all three offenses charged. (Pen. Code, § 31; *People* v. *Leon*, 129 Cal.App.2d 676, 679-680 [277 P.2d 481]; *People* v. *Tallent*, 89 Cal.App.2d 158, 161 [200 P.2d 214]; *People* v. *Best*, 43 Cal.App.2d 100, 105 [110 P.2d 504].)

As to the possession of narcotics count, though appellant claims otherwise, the expert evidence is clear that the capsules were well within the prohibited amount. (Health & Saf. Code, § 11200.)

[■■ The court correctly instructed that a person is in possession of a narcotic 1. if it is under his dominion and control, either on his person or in his presence or custody, or if not, the possession is immediate, accessible and exclusive to him and 2. if he has knowledge of its narcotic character. (*People* v. *Winston*, 46 Cal.2d 151 [293 P.2d 40].)

■ While the evidence shows the actual physical possession of the narcotic to have been in his codefendant the evidence fully supports the jury's conclusion that Billings' possession was joint with appellant. (*People* v. *Bigelow,* 104 Cal.App.2d 380, 388-389 [231 P.2d 881] ; *People* v. *Basco,* 121 Cal.App.2d 794, 796 [264 P.2d 88].) ■ It was not improper to give an aiding and abetting instruction in relation to the narcotics charge. (*People* v. *Bigelow, supra.*)

■ The court acted well within its discretion in denying the motion for a separate trial. (Pen. Code, § 1098.) The record is destitute of any showing of a ground which would make the denial of this motion an abuse of discretion. (*People* v. *Andrews,* 165 Cal.App.2d 626, 635-636 [332 P.2d 408].)

■ Appellant's claim that he was held incommunicado for six days after his arrest and not taken promptly before a magistrate is not supported by anything in the record, but in any event after trial and conviction without urging any objection on that ground appellant is precluded from raising this question for the first time on appeal. (*People* v. *Blankenship,* 171 Cal.App.2d 66, 80-81 [340 P.2d 282].)

■ The record shows that appellant admitted the two prior convictions of felony charged in the indictment as amended and the amendment was authorized by Penal Code, section 969a.

There is nothing in the record to support appellant's claims that the district attorney knowingly used perjured testimony, that the public defender deprived him of good faith and effective assistance, that the jury was influenced by inflammatory and defamatory newspaper articles, or that he was not timely furnished a complete transcript of the grand jury's proceedings.

■■ Appellant cannot now complain that the trial judge should have disqualified himself because he had previously appeared before him on another charge. This fact standing alone would not constitute grounds of disqualification but since no motion to disqualify was made before the trial court it cannot in any event now be urged on appeal. (*People* v. *Wade,* 150 Cal.App.2d 281, 285 [309 P.2d 841].)

We have examined the claimed misconduct in the prosecutor's arguments to the jury and find nothing therein prejudicial or beyond the reasonable inferences which could properly be drawn from the evidence.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.