[Crim. No. 7437.  Second Dist., Div. Three.  Mar. 29, 1961.]

THE PEOPLE, Respondent, v. DELROY BIRCH et al., Defendants; RICHARD FILE, Appellant.

Gerald J. Levie for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Felice R. Cutler, Deputy Attorneys General, for Respondent.

FORD, J.—The appellant Richard File and his codefendant Delroy Birch were accused by indictment of possession of heroin in violation of section 11500 of the Health and Safety Code. Both were found guilty. File alone has appealed from the judgment of conviction.

The contention made on this appeal is that evidence of certain admissions alleged to have been made by File should not have been received ''because no corpus delicti had been es-

tablished as to defendant File." Pertinent evidence will be summarized. Part thereof is found in the transcript of the testimony given before the grand jury which was received in evidence at the trial, subject to specific objections, pursuant to a stipulation.

Joe Lesnick, an officer attached to the sheriff's narcotic detail, testified that on April 29, 1960, he had a certain hotel under surveillance. At about 10:45 p. m. a white Ford automobile was observed going slowly by the hotel; it stopped about two-thirds of a block away. Richard File alighted from the vehicle while Delroy Birch remained behind the wheel. File walked back to the hotel and entered it. The witness and another officer approached Birch and identified themselves as narcotic officers. Birch immediately threw a "tin foil object" into the street. One of the officers picked up the object. Birch was placed under arrest. In the tin foil were four balloons, each of which contained a quantity of white powder (which a forensic chemist identified as heroin in testimony before the grand jury). After Birch was arrested, Officer Lesnick entered the hotel. There the appellant File and another man were in the custody of officers. With respect to the powder in the four balloons which Birch threw from the automobile, after that evidence was shown to him File said: "I had Birch drive me over there and wait down the street, and I went in to contact Bert. I didn't take the stuff in with me because that's the way I do business. Birch knew what it was, and I left it with him while I went in the apartment."[1]

The appellant File testified in his own behalf. He denied that he made the statements as to which Officer Lesnick testified. In rebuttal, Detective Sergeant Bridges testified that such statements had been made by the appellant.

██ Constructive possession of a narcotic constitutes a violation of section 11500 of the Health and Safety Code. A conviction of such offense may be sustained by evidence of physical possession by the defendant's agent or by any other person when the defendant has an immediate right to exercise dominion and control over the narcotic. (*People* v. *White*, 50 Cal.2d 428, 431 [325 P.2d 985].) ██ As this court said in *People* v. *Bigelow*, 104 Cal.App.2d 380, at page 389 [231

---

[1] Reference to testimony as to the subsequent search of Birch's place of residence and as to evidence there obtained, including heroin, is omitted in this opinion since it related to a second count of the indictment as to which both defendants were found not guilty after their motion to exclude certain evidence had been granted.

P.2d 881] : ''The possession may be individual, through an agent, or joint with another. (*People* v. *Graves,* 84 Cal.App. 2d 531, 534 [191 P.2d 32].) All persons concerned in the commission of the crime, whether they commit the act constituting the offense or aid and abet in its commission, are principals. (Pen. Code, § 31.) ▊ We think it clear that one may aid and abet another in the possession of a narcotic, and that one who is not present may advise and encourage another in its commission.'' (See also *People* v. *Moller,* 177 Cal.App.2d 379, 382 [2 Cal.Rptr. 223] ; *People* v. *Basco,* 121 Cal.App.2d 794, 796 [264 P.2d 88] ; *People* v. *Cuellar,* 110 Cal.App.2d 273, 278 [242 P.2d 694].)

▊ The identity of the perpetrator of a crime is no part of the corpus delicti. (*People* v. *Cullen,* 37 Cal.2d 614, 624 [234 P.2d 1] ; *People* v. *Leary,* 28 Cal.2d 740, 745 [172 P.2d 41].) ▊ When the corpus delicti is established by evidence other than extrajudicial statements of the defendant, his connection with the crime may be proved by statements made by him. (*People* v. *Johnson,* 146 Cal.App.2d 302, 304 [303 P.2d 615].) ▊ In rejecting the contention that the trial court erred in admitting in evidence the extrajudicial confession and conversation of a defendant because, it was asserted, the corpus delicti had not been established by proof independent of such statements, it was said in *People* v. *Cuellar, supra,* 110 Cal.App.2d 273, at page 276 : ''To prove a prima facie case of the corpus delicti here, all that was necessary was to show a reasonable probability of the unlawful possession of marijuana by a person. To this extent the evidence clearly showed the illegal possession in someone of the narcotic in question. ▊ It was not necessary to prove appellant's connection with the marijuana in order to establish the essential elements necessary to prove the corpus delicti. ▊ It is sufficient if the proof establishing the corpus delicti be of a substantial character. ▊ A reading of the testimony hereinbefore set forth satisfies us that the corpus delicti was proven in this case without recourse to the extrajudicial statements of appellant. Therefore, such statements were properly admitted [citations].'' (See also *People* v. *Walters,* 148 Cal.App.2d 426, 431 [306 P.2d 606] ; *People* v. *Ruiz,* 146 Cal.App.2d 630, 634 [304 P.2d 175] ; *People* v. *Salinas,* 129 Cal.App.2d 565, 568 [277 P.2d 931] ; *People* v. *Bigelow, supra,* 104 Cal.App.2d 380, 385.)

▊ ''To justify a conviction of unlawful possession of narcotics, the prosecution must prove actual or constructive

possession of the contraband by the accused and knowledge of its presence and narcotic character. [Citations.] These essential facts may, of course, be established by circumstantial evidence." (*People* v. *Stanford,* 176 Cal.App.2d 388, 390 [1 Cal.Rptr. 425].) "Circumstances as well as direct evidence may show possession which may be constructive as well as physical." (*People* v. *Bretado,* 178 Cal.App.2d 465, 469 [3 Cal.Rptr. 216]; see also *People* v. *Tolliver,* 179 Cal.App.2d 736, 739 [4 Cal.Rptr. 271]; *People* v. *Valenzuela,* 174 Cal. App.2d 759, 762 [345 P.2d 270]; *People* v. *Brajevich,* 174 Cal.App.2d 438, 445 [344 P.2d 815]; *People* v. *Gallagher,* 168 Cal.App.2d 417, 423 [336 P.2d 259].)

The application of the law herein discussed to the facts of the present case is obvious. ■■■ Upon this appeal, the evidence and the inferences which could reasonably be deduced therefrom must be viewed in the light most favorable to the People. ■■■ This court may not reweigh the evidence or resolve conflicts therein in favor of the appellant. (See *People* v. *Basco, supra,* 121 Cal.App.2d 794, 797.) The weight to be given to the evidence was a matter exclusively within the domain of the trial court. (*People* v. *Flummerfelt,* 153 Cal.App.2d 104, 106 [313 P.2d 912].) There was sufficient substantial evidence to support the conclusion reached by the trier of facts. No error appears in the record.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.