[Crim. No. 8678.   Second Dist., Div. Four.   April 21, 1964]

THE PEOPLE, Plaintiff and Respondent, v. GILBERT RODRIQUEZ ROSALES et al., Defendants and Appellants.

William G. Emslie, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, C. Anthony Collins and Gilbert F. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

JEFFERSON, J. — By indictment, defendants were charged, in four counts, with unlawfully selling narcotics in violation of section 11501 of the Health and Safety Code. In count one defendants were jointly charged with the unlawful sale of narcotics on January 3, 1962. In count two defendant Rosales (originally charged as Gilbert Rodriquez), was separately charged with a violation of section 11501 on January

5, 1962. In counts three and four defendant Roybal was separately charged with two violations of section 11501, which allegedly occurred on January 29 and February 6, 1962, respectively. Defendants were jointly tried by the court sitting without a jury and found guilty as to each count of the lesser and necessarily included offense of possession of narcotics in violation of Health and Safety Code section 11500. Probation was denied as to each defendant and each was sentenced to the state prison for the term prescribed by law, the sentences on each count to run concurrently. Defendants appeal from the judgments of conviction.

A summary of the evidence is as follows:

On January 3, 1962, undercover Narcotics Officer Allen, in the company of two police informers, observed defendants at the intersection of Whittier and Ditman streets in the County of Los Angeles. After a short conversation between defendants and the two informers, one of the informers told Officer Allen, "They are going to score for us." (To "score" in narcotic jargon means to secure or purchase narcotics.) Defendants and the two informers then got into the officer's car and defendant Roybal directed the officer to drive to another location. There, Officer Allen gave Roybal a $20 bill, defendants left the car, returning in a few moments. When Officer Allen inquired of defendant Roybal, "Where's the stuff?" Roybal replied, "Rosales has got the stuff." ("Stuff" in narcotics parlance means narcotics.) Defendant Rosales then handed a balloon (which was later determined to contain heroin) to one of the informers, who in turn, passed it to the officer. This evidence formed the basis for the convictions on count one.

As to count two, which charged only Rosales, the evidence established that on January 5, 1962, Officer Allen, again in the company of the two informers, met defendant Rosales. The officer told Rosales, "I want to score a gram." Allen gave Rosales $20 and the latter directed the officer to drive to Fickett and Boulder Streets. Defendant then left the officer, returning in approximately five minutes. He passed Allen a small orange balloon (which contained narcotics).

The evidence as to counts three and four, which separately charged Roybal, showed that on January 29, 1962, Officer Allen and the two informers met defendant Roybal. After talking with defendant one of the informers said, "He (defendant) can score for us again. Do you still want to get that gram?" (A "gram" refers to a quantity of narcotics.) The

officer gave Roybal $20 saying, "Here, man, get me a gram." Roybal got out of Officer Allen's car and told the officer to drive around the block. In a short time defendant reentered the car, handed one of the informers a cellophane package containing three capsules and $8.00 in change, and said, "Here's all he had." The informer handed the package and the $8.00 change to the officer. The capsules were found to contain heroin. On February 6, 1962, Allen again met defendant Roybal, who stated, "Man, I can score. I know about six places I can go right now and score." Officer Allen handed defendant $20, and at Roybal's direction, drove to the 1000 block on Gage Avenue. Defendant got out of the car and entered a house. He returned in a few minutes with a pair of gloves in his hand. Officer Allen asked "Do you have the stuff?" Defendant stated, "It is in the gloves." A small yellow balloon was then removed from one of the gloves and handed to the officer. This balloon also contained heroin.

Defendants contend that the evidence was insufficient to support their convictions on any of the counts charged. ▪ As stated by the Supreme Court in the case of *People* v. *Groom*, 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359], "Unlawful possession of narcotics is established by proof (1) that the accused exercised dominion and control over the contraband, (2) that he had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic. [Citation.] ▪ The foregoing elements may be established by circumstantial evidence and any reasonable inferences drawn from such evidence. [Citation.]" ▪ Viewed in this light, we conclude that the evidence before the trial court convincingly established the requisite elements of unlawful possession of narcotics and was amply sufficient to support the convictions as to each of the counts.

▪ Defendants contend that the crime of which they were convicted (possession of narcotics in violation of Health & Saf. Code, § 11500) is not a lesser and necessarily included offense in the crime with which they were charged (sale of narcotics in violation of § 11501).

▪ It is clear that defendants may be convicted of any offense which is necessarily included in that which is charged. (Pen. Code, § 1159.) ▪ To determine whether an offense is necessarily included in the offense charged the test is whether the offense charged cannot be committed without committing it. (*People* v. *Babb*, 103 Cal.App.2d 326, 330 [229 P.2d 843].) ▪ The crime of illegal possession of

narcotics may be proved by showing that the defendant had either actual or constructive possession of the narcotics. (*People* v. *Birch*, 190 Cal.App.2d 647, 650-651 [12 Cal.Rptr. 122].) ▇▇▇ Defendants argue that a person may be convicted of the sale of narcotics by merely being an aider and abettor of one who actually does the prohibited acts (Pen. Code, § 31). In such cases, they assert, it is conceivable that such an aider or abettor, while assisting in making a sale, and therefore being guilty of sale, might have neither actual nor constructive possession of the narcotics. Defendants in advancing their argument, fail to distinguish between the substantive crime, together with its elements, on the one hand, and those who may be found guilty of committing it, on the other. No sale of narcotics is possible without possession, actual or constructive. (*People* v. *Richardson*, 152 Cal. App.2d 310, 315-316 [313 P.2d 651].) Since every sale includes possession, the crime of illegal possession of narcotics is therefore a necessarily included offense in the offense of sale of narcotics. The fact that an aider and abettor in a sale may be convicted of sale even though he did not have possession of the narcotics, in no way affects this result, for, a person may be convicted of a crime even though he did not commit one or more of the prohibited acts constituting the elements of the crime. (Pen. Code, § 31.) The "lookout" man who remains outside the burglarized premises need not have entered the building to be found guilty of burglary, if in fact he aided in the burglary. Similarly, the aider in a sale need not have personally possessed or controlled the narcotics to be found guilty of aiding and abetting in a charge of sale or possession.

The judgments of conviction are affirmed.

Burke, P. J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 16, 1964.