[Crim. No. 2153. Fifth Dist. Nov. 14, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
CLAREN MITCHELL, Defendant and Respondent.

**Counsel**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold Overoye, Assistant Attorney General, Marjory Winston Parker and Kevin M. Corrington, Deputy Attorneys General, for Plaintiff and Appellant.

Sprague, Milligan & Beswick, Richard R. Beswick and Stephany J. Wagner for Defendant and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Respondent, Claren Mitchell, was convicted by a jury of violating Health and Safety Code section 11352 (sale of amphetamines). She made a motion for a new trial based upon the single ground that the trial court erred in not instructing *sua sponte* on the lesser included offenses of possession of amphetamines (Health & Saf. Code, § 11350) and possession of amphetamines for sale (Health & Saf. Code, § 11351). The motion was granted and the People appeal.

The issue determinative of this appeal is whether there was sufficient evidence of "possession" by respondent to have required the trial court to instruct on the included offenses. We have concluded that there was not such evidence and reverse the order granting a new trial.

On September 21, 1973, Tulare County Deputy Sheriff Frank Smith was an undercover officer working the drug detail. Respondent, not being aware he was so employed, asked Smith to buy some "whites" from her stepfather, one Donald Jacobs. Smith and respondent went together to Jacobs' residence. Respondent said she wanted to speak to Jacobs first, meaning she wanted to open the conversation. In Smith's presence she told Jacobs that "Frank would like to buy some whites from you." No conversation between respondent and Jacobs was held outside the presence of Smith. Jacobs asked Smith "how many do you want?" Smith replied "a dime bag," meaning $10 worth. Jacobs told them to wait and went alone to some other part of the house and returned after a few moments with a bag of "whites" (amphetamine pills). Smith gave him $10. The pills were delivered to Smith, and he and respondent then left Jacobs' residence together. Respondent never had physical possession of the pills.

Respondent did not testify, but she called Jacobs as a witness. Jacobs testified that though respondent did occasionally stay at his house she did not live there during the period "surrounding" September 21; he repeatedly stated that respondent did not have the right to exercise control nor did she exercise control over anything in the house and that she did not have the actual or constructive possession of the ampheta-

mines sold to Smith. He reiterated that the tablets were his and not hers, that he acted alone in selling the drugs to Smith, and that respondent did not help or encourage the sale. He did say, however, that he would not have made the sale had respondent not first spoken to him and vouched for the character of Smith. There was no evidence on any material point conflicting with or contradicting the above testimony of Jacobs.

■ The prosecution's sole theory was that respondent was an aider and abettor in the sale, a theory which the jury apparently accepted. Instructions on this theory alone were requested and given. Respondent's defense was that she was not a seller but was a joint buyer with Smith and that there was a total lack of evidence of sufficient complicity in the sale to hold her as an aider and abettor. Counsel for respondent repeatedly emphasized by interrogation of witnesses, by his argument at the time of a motion to dismiss and in final argument that respondent was not in actual or constructive possession of the amphetamines.

■ "Possession" offenses are normally included offenses within the offense of sale of amphetamines. (*People* v. *Francis* (1969) 71 Cal.2d 66, 73-74 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Rosales* (1964) 226 Cal.App.2d 588, 592 [38 Cal.Rptr. 329].) However, where a defendant is held liable as an aider and abettor, it is obvious that the "sale" offense may be committed without the aider and abettor having actual or constructive possession. (*People* v. *Francis, supra,* 71 Cal.2d at pp. 72-74; *People* v. *Tambini* (1969) 275 Cal.App.2d 757, 765-766 [80 Cal.Rptr. 179].) Therefore, the obligation to instruct *sua sponte* on the "possession" offenses depends upon whether there is any evidence deserving of any consideration whatsoever that respondent had actual or constructive possession of the amphetamine tablets sold to Smith. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715-717 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *St. Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390]; *People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [228 P.2d 281]; *People* v. *Pijal* (1973) 33 Cal.App.3d 682, 691 [109 Cal.Rptr. 230].) If such evidence exists, the court's duty to instruct exists even if it is inconsistent with the defense selected by the defendant. (*People* v. *Sedeno, supra,* 10 Cal.3d at p. 717, fn. 7.)

■ We are satisfied that the evidence in this case presents no credible issue that respondent had either actual or constructive possession of the amphetamines. Constructive possession occurs when one maintains control or the right to control the contraband; while possession may be imputed when the contraband is immediately and exclusively

accessible to the accused and subject to his dominion and control or the joint dominion and control of the accused and another (*People* v. *Newman* (1971) 5 Cal.3d 48, 52 [95 Cal.Rptr. 12, 484 P.2d 1356]; *People* v. *Harrington* (1970) 2 Cal.3d 991, 998 [88 Cal.Rptr. 161, 471 P.2d 961]; *People* v. *Francis, supra,* 71 Cal.2d 66, 71), there is no evidence deserving of consideration that respondent was a joint possessor of the Jacobs' premises or of the amphetamines or that they were subject to her dominion and control. All evidence is directly to the contrary. The proof amounts to no more than a speculative possibility that respondent had an opportunity of access to a place where the amphetamines were kept which, without more, is insufficient to support a finding of possession. (*People* v. *Redrick* (1961) 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Vasquez* (1969) 1 Cal.App.3d 769, 778 [82 Cal.Rptr. 131] (cert. den., 398 U.S. 938 [26 L.Ed.2d 270, 90 S.Ct. 1840]).)

In a caveat to a statement of the substantial evidence rule, the Supreme Court in *People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321], said: "Evidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction. Suspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact." While the elements of the offense may be established by circumstantial evidence and reasonable inferences drawn therefrom (*People* v. *White* (1969) 71 Cal.2d 80, 83 [75 Cal.Rptr. 208, 450 P.2d 600]), "Circumstantial evidence is like a chain which link by link binds the defendant to a tenable finding of guilt. The strength of the links is for the trier of fact, but if there has been a conviction notwithstanding a missing link it is the duty of the reviewing court to reverse the conviction." (*People* v. *Redrick, supra,* 55 Cal.2d at p. 290.)

In the case at bench the missing links are lack of proof of dominion or control over the tablets. (*People* v. *Redrick, supra,* 55 Cal.2d at pp. 285-287, and cases cited therein; *People* v. *Francis, supra,* 71 Cal.2d at pp. 72-74; *People* v. *Tambini, supra,* 275 Cal.App.2d at p. 766; *People* v. *Crandall* (1969) 275 Cal.App.2d 609, 611 [80 Cal.Rptr. 81].)

Accordingly, if respondent was guilty of anything, she was guilty of sale of amphetamines as an aider and abettor, there being no credible evidence to support a conviction of any intermediate offense between that crime and an acquittal. (*People* v. *Birch* (1969) 3 Cal.App.3d 167, 176 [83 Cal.Rptr. 98]; *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 712-713 [39 Cal.Rptr. 874].)

Since the order granting the new trial was based solely on the court's failure to give *sua sponte* instructions on an alleged included "possession" offense and there was no credible evidence to support the giving of such an instruction, the order must be reversed.

The order granting a new trial is reversed.

Franson, J., and Thompson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.