[No. G012219. Fourth Dist., Div. Three. Feb. 28, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS PEREGRINA-LARIOS, Defendant and Appellant.

**COUNSEL**

Donna S. Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, and Gary W. Schons, Assistant Attorney General, for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—Jesus Peregrina-Larios was arrested after a hand-to-hand sale of $40 worth of cocaine to an undercover police officer. He had additional cocaine on his person. Convicted of one count of selling cocaine, he now contends the trial court erred in failing to instruct sua sponte on simple possession as a lesser included offense. He also challenges the constitutionality of CALJIC No. 2.90, the standard reasonable doubt instruction. We affirm.

I

Relying on dicta in *People* v. *Mitchell* (1975) 53 Cal.App.3d 21, 24 [125 Cal.Rptr. 543] (" 'Possession' offenses are normally included offenses

within the offense of sale of amphetamines"),[1] Peregrina-Larios first asserts the trial court erred when it failed to instruct sua sponte on simple possession. (Health & Saf. Code, § 11350; see *People* v. *Springfield* (1993) 13 Cal.App.4th 1674, 1679-1680 [17 Cal.Rptr.2d 278]; 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2926, pp. 3587-3590.) But, as the *Mitchell* opinion itself illustrates, simple possession of a controlled substance cannot be a necessarily lesser included offense of selling or offering to sell—although it could be a lesser related offense (see *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055])—because the former crime contains elements a sales offense does not: knowing possession of a usable quantity. (*People* v. *Rubacalba* (1993) 6 Cal.4th 62, 65-66 [23 Cal.Rptr.2d 628, 859 P.2d 708].) A conviction for selling controlled substances does not require proof of possession at all, much less possession of a usable quantity. (See *People* v. *Rogers* (1971) 5 Cal.3d 129 [95 Cal.Rptr. 601, 486 P.2d 129]; *People* v. *Watterson* (1991) 234 Cal.App.3d 942 [286 Cal.Rptr. 13].)

Defendant's argument also fails for another reason: "It is settled the trial court need not, even if requested, instruct the jury on a lesser and included offense where the evidence establishes if the defendant was guilty at all, he was guilty of the higher offense." (*People* v. *Ellers* (1980) 108 Cal.App.3d 943, 954 [166 Cal.Rptr. 888]; see also *People* v. *Bacigalupo* (1991) 1 Cal.4th 103, 127 [2 Cal.Rptr.2d 335, 820 P.2d 559].) Here, the uncontradicted evidence was that defendant committed *both* offenses. He sold a portion of his inventory and had the balance on his person when arrested; under these facts he properly could have been charged and convicted of both sale *and* possession (or possession for sale). (*People* v. *Watterson, supra,* 234 Cal.App.3d at p. 947 [defendant properly convicted of possession for sale and transporting same narcotics]; but see *People* v. *Richardson* (1970) 6 Cal.App.3d 70 [85 Cal.Rptr. 607].)

II

Peregrina Larios also attacks the giving of CALJIC No. 2.90, the standard reasonable doubt instruction, in the wake of the United States Supreme Court's grant of certiorari in *Sandoval* v. *California,* certiorari granted September 28, 1993, __ U.S. __ [125 L.Ed.2d 789, 114 S.Ct. 40]. We reject his argument under the compulsion of *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]. (See *People* v. *Webb* (1993) 6 Cal.4th 494, 531 [24 Cal.Rptr.2d 779, 862 P.2d 779]; *People* v. *Jennings* (1991) 53 Cal.3d 334, 385 [279 Cal.Rptr. 780, 807 P.2d 1009], cert. den. __ U.S. __ [116 L.Ed.2d 462, 112 S.Ct. 443].)

---

[1]In *Mitchell* the court held lesser included instructions for possession or possession for sale were inappropriate because defendant, who was accused of a sale, did not have dominion and control, i.e., possession, over the amphetamine tablets.

Judgment affirmed.

Sills, P. J., and Wallin, J., concurred.