108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Val Jean BUREAU, Petitioner-Appellant,
v.
STATE OF CALIFORNIA; Department of Corrections; Attorney
General of the State of California, Respondents-Appellees.
 No. 95-56326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 17, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Val Jean Bureau[1] appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Bureau contends: 1) Bureau's plea was coerced or involuntary because the trial court found he was not entitled to compel witnesses; 2) counsel was ineffective, which resulted in an involuntary, unknowing, or coerced plea; 3) the trial court erred in refusing to permit disclosure of the confidential informant; 4) the statutes governing disclosure of informants is unconstitutionally overbroad and vague; 5) counsel was ineffective for failing to argue successfully for disclosure of the informant and to inform the trial court on entrapment law; 6) the trial court erred by denying a continuance; and 7) counsel was ineffective, which resulted in an illegal sentence. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Because the record shows that Bureau voluntarily gave up his right to compel witnesses, his claim that his guilty plea was invalid on that basis fails. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); see also Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), cert. denied, 116 S.Ct. 479 (1995). Bureau's claim that his plea was coerced because the trial court denied the informant disclosure motion fails because he has not shown that counsel's advice to plead guilty after the state court denied the informant disclosure motion resulted in an involuntary or unintelligent plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 4
 Bureau cites a number of errors by counsel that he claims resulted in his unintelligent guilty plea. To prevail on a claim of ineffective assistance, a defendant who has pleaded guilty must show a reasonable probability that, but for counsel's unprofessional errors, he would "not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 Most of Bureau's claims do not amount to deficient attorney conduct. Counsel was not required to make a useless motion for a continuance where the court indicated no more would be granted. Counsel's failure to compare the transcript of taped conversations with the tape is not error because Bureau fails to show how the tape was inaccurate. Because Bureau could be convicted of conspiracy even if other coconspirators we not convicted, counsel's advice to plead guilty to this crime was proper. See People v. Chapman, 679 P.2d 62, 72 (Cal.1984). Likewise, counsel did not advise Bureau to plead guilty to a lesser included offense in violation his double jeopardy rights, see Blockburger v. United States, 284 U.S. 299, 304 (1932), because the crimes of selling cocaine and possessing cocaine for sale involve proof of different facts, see People v. Peregrina-Larios, 28 Cal.Rptr.2d 316, 316 (Cal.App.1994). Because Bureau alleges no facts indicating that counsel erred, these claims fail. See Hill, 474 U.S. at 59.
 
 
 6
 Additionally, Bureau alleges no facts showing that he would have insisted on proceeding to trial but for counsel's failure to consult with Bureau during three days before his guilty plea and counsel's advice to plead guilty despite the citation to the wrong statute in the indictment. Thus, these claims fail because Bureau does not show prejudice. See id.
 
 
 7
 Bureau next alleges that counsel told him that a guilty plea was necessary in order to obtain enough time to file an additional motion to disclose the informant, and that counsel promised that he would receive a two-year sentence if he pleaded guilty. "Generally, a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act.' " Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir.1995) (quoting Machibroda v. United States, 368 U.S. 487, 493 (1962)).
 
 
 8
 Bureau's allegations are implausible. First, the plea documents specified that all promises must be disclosed to the court. Bureau did not state at his change of plea hearing that he was promised that he could withdraw his plea or that he would receive a two-year sentence. Second, Bureau did not contend at the hearing on his motion to withdraw his plea that he thought he could withdraw his plea in order to obtain a continuance. Finally, Bureau stated at the change of plea hearing that he was entering an "open" plea, and he did not object to the sentence he received. Cf. United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.1987) (statements made at time of plea are presumed true). Because Bureau's claims are implausible, he is not entitled to relief, or an evidentiary hearing. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989).
 
 
 9
 We dispose of Bureau's remaining claims. The claims that the state court erred by refusing to disclose the identity of the informant, Cal.Evid.Code §§ 1041, 1042(d) (West 1995) is vague and overbroad, and counsel was ineffective for failing to argue various motions successfully are waived by his guilty plea. See Tollett, 411 U.S. at 266-67. The claim that the trial court erred by refusing to grant a continuance was not raised in the district court, so we do not address it. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994). The contention that counsel was ineffective before Bureau's sentencing hearing are moot, because Bureau has served his entire sentence. See Lane v. Williams, 455 U.S. 624, 631-33 (1982).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because the parties do not address the issue, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bureau completed his parole term during the pendency of his § 2254 proceeding