Filed 8/28/13  P. v. Saelee CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAO CHOY SAELEE,<br><br>Defendant and Appellant. | F065710<br><br>(Super. Ct. No. CRM22255B)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

David D. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Detjen, J. and Peña, J.

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant Kao Choy Saelee was convicted by a jury of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)) and being a felon in possession of ammunition (§ 30305, subd. (a)(1)).  In a bifurcated proceeding, defendant admitted suffering a prior prison term within the meaning of section 667.5, subdivision (b).  Defendant received a sentence of three years for the firearm conviction plus one year for the prior prison term enhancement.  The court imposed a concurrent three-year sentence for the ammunition conviction.  On appeal, defendant argues there was insufficient evidence to support his conviction of being a felon in possession of ammunition.  We disagree and affirm the conviction.  Defendant also contends that the trial court erred by not staying the sentence for the ammunition conviction.  On this point, we agree with defendant and order the trial court's judgment be modified to reflect a stay of defendant's sentence for possession of ammunition.

The salient facts are uncontroverted and are derived exclusively from the trial testimony of Merced police officers Ramon Ruiz and Edward Drum.  On April 6, 2012, Ruiz conducted a traffic stop of a vehicle driven by Gloria Aguirre; defendant was the passenger.  The traffic stop led to a search of the vehicle during which Ruiz discovered a .22-caliber magazine stashed in the driver's side door.  Ruiz then asked defendant if he "knew where the gun was that belonged to the magazine."  Defendant indicated he would provide the gun's location if neither he nor his "girlfriend" would be arrested because of it.  Ruiz indicated that he could make no such promise and requested the information from defendant once again.  Defendant then indicated the gun was located in a storage shed owned by Aguirre.  Ruiz asked defendant if he had ever touched the gun and whether ammunition would also be found in the shed.  Defendant responded that he had in fact touched the gun before, that his DNA would be on the gun, and that "there was ammunition in [the shed]."  Defendant did not state he shared the shed with Aguirre, but

---

[1]All further statutory citations are to the Penal Code unless otherwise indicated.

2.

did indicate "he had belongings in the shed," although these were never identified. Aguirre led Drum and another officer to the storage shed. Once the shed was opened, Aguirre pointed to where the gun was located. The gun was located inside of a clear plastic container alongside a "few loose things of ammunition" and a magazine. Specifically, police found a .22-caliber handgun, a .22-caliber magazine, and .22-caliber ammunition cartridges. Drum further testified the shed also contained furniture, beds, an air compressor, a bike, and a tool box, but it was not determined which items belonged to defendant. The storage unit was acquired by Aguirre approximately two weeks before police detained defendant, and the lease agreement contained Aguirre's name as lessee and that of a cosigner; defendant's name does not appear on the document. The parties stipulated that defendant was previously convicted of a felony.

## DISCUSSION

### I.      Sufficient Evidence Supports the Verdict

Defendant claims a lack of substantial evidence to support his conviction of being a felon in possession of ammunition. "When appeal of a criminal conviction is based on insufficient evidence, the standard of review is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (*People v. Rushing* (1989) 209 Cal.App.3d 618, 621 (*Rushing*), quoting *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) Substantial evidence is defined as evidence that is "'reasonable, credible, and of solid value.'" (*People v. Elliott* (2005) 37 Cal.4th 453, 466.) A reviewing court must accept all logical inferences the jury might have drawn from circumstantial evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) "'"Where the circumstances in evidence … reasonably justify an inference of guilt, and the court so found, the fact that an inference of innocence might also … reasonably have been [drawn from] such circumstances does not present a question of law reviewable by an appellate court."'" (*People v. Nieto* (1966) 247 Cal.App.2d 364, 368.)

In order for the prosecution to convict a defendant of being a felon in possession of ammunition it needs to prove the following elements: the defendant possessed or had the ammunition under his custody or control; the defendant knew he possessed the ammunition; and the defendant was convicted of a previous felony within 10 years of the date he possessed the ammunition. (§ 30305, subd. (a)(1); *People v. Cordova* (1979) 97 Cal.App.3d 665, 669.) The prosecution must also prove that the defendant had the general intent to undertake the proscribed act; that is, the defendant intended to possess or exert control or gain custody of the ammunition. (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, fn. 3 (*Sifuentes*).) "'These elements can be established by circumstantial evidence and any reasonable inference drawn from such evidence.'" (*People v. Kortopates* (1968) 264 Cal.App.2d 176, 179 (*Kortopates*), quoting *People v. Roberts* (1964) 228 Cal.App.2d 722, 726 (*Roberts*).) Defendant stipulated to his previous felony conviction and clearly knew the gun was stored in the shed. The question before us, therefore, is whether the evidence presented at trial was sufficient for a rational trier of fact to reasonably infer that defendant possessed, or took custody or control, of the ammunition.

Possession may be either actual or constructive, and more than one person may possess the same item. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) A defendant has actual possession when the prohibited item "is in his *immediate* possession or control." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083, italics added (*Pena*).) By contrast, constructive possession exists where a defendant knowingly *controls* or *maintains the right to control* the prohibited item, either directly or through another person. (*Armstrong v. Superior Court* (1990) 217 Cal.App.3d 535, 539; *Pena*, *supra*, at pp. 1083-1084; *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272.) Constructive possession of a prohibited item may also be established where a defendant is found to have the right to exercise dominion and control over the place where it is found. (*Rushing*, *supra*, 209 Cal.App.3d at p. 622.) Exclusive possession of the premises is not required. (*Kortopates*, *supra*, 264 Cal.App.2d at p. 180.) However, proof that a defendant

has the opportunity of access to a place where a prohibited item is stored, without more, will not support a finding of unlawful possession. (*Kortopates*, at p. 179; *Roberts*, *supra*, 228 Cal.App.2d at p. 726; *People v. Mitchell* (1975) 53 Cal.App.3d 21, 25 [opportunity of access without more is insufficient to support finding of possession].) The totality of the circumstances will determine whether a defendant has exercised the requisite control over an item to establish constructive possession. (*Armstrong*, *supra*, at p. 539; *Roberts*, *supra*, at p. 728.)

Whether sufficient evidence exists of dominion and control depends on the peculiar circumstances of the particular case. (*Roberts*, *supra*, 228 Cal.App.2d at p. 727.) The following cases prove instructive in determining whether the evidence presented in the case at bar suffices to establish constructive possession.

In *Rushing*, police searched a two-bedroom apartment occupied by defendant and three others. In one of the bedrooms, police discovered cocaine hidden in the false bottom of a WD-40 can. In a desk in that same room, police discovered court documents containing the defendant's name and signature. The defendant was sleeping in the other room where police found more court documents with the defendant's name and signature along with sheets of paper that police believed to be a ledger to record drug sales. One of the entries corresponded with the amount of cocaine found in the WD-40 can. (*Rushing*, *supra*, 209 Cal.App.3d at p. 620.) The court explained that the evidence showed the defendant had access to private areas of the house (i.e., areas generally considered to be the dominion of persons with possessory rights) and left important documents in these locations that provided sufficient evidence that he had the right to exercise dominion and control over the apartment where the cocaine was stored. (*Id*. at p. 622.) The sheets of paper provided further evidence of the defendant's dominion and control over the contraband itself. (*Ibid*.)

In *Kortopates*, police discovered drugs inside a cabinet located in an apartment not occupied by the defendant. The defendant's fingerprint, however, was found on the cabinet, which stored only the drugs discovered. The court held that the defendant's

fingerprint on a cabinet that held only the prohibited items made it reasonable to infer the defendant's knowledge of the contraband and that she exercised dominion and control over it. (*Kortopates*, *supra* 264 Cal.App.2d at p. 180.)

Similarly here, storage of defendant's personal possessions in the shed and his knowledge of the shed's contents provide sufficient evidence that defendant had the right to exercise dominion and control over the shed. Just as the sheets of paper provided additional circumstantial evidence of the defendant's control over the contraband itself in *Rushing*, the proximity of the ammunition to the gun defendant admitted possessing, their matching calibers, as well at the relationship between defendant and Aguirre provide additional circumstantial evidence that defendant's right to control the shed extended to the ammunition. Similar to *Kortopates*, defendant's confession that his DNA would be found on the gun reinforces the reasonable inference that he exercised the same degree of dominion and control over the ammunition.

Defendant cites *Sifuentes* in support of his insufficiency of the evidence argument. In *Sifuentes*, the defendant, an active gang member, was arrested by police in a motel room where he was accompanied by a fellow gang member, among others. When police arrived, the defendant's gang cohort attempted to hide a gun under a mattress. (*Sifuentes*, *supra*, 195 Cal.App.4th at p. 1414.) A jury convicted the defendant of being a felon in possession of a firearm, the same firearm his cohort attempted to hide. (*Id*. at p. 1416.) The only evidence of possession presented at trial was a gang expert's general assertions that gangs sometimes make use of a "gang gun," which is accessible to all gang members *most* of the time. (*Id*. at p. 1415.) In reversing the conviction, the court noted that the gang expert failed to testify that the gun in question was in fact a gang gun, nor did he indicate whether the exceptions limiting gang member access to a gang gun existed in this case and further noted the lack of evidence that the defendant used or was about to use the gun. (*Id*. at p. 1418.) The inference that the defendant knew of the gun's presence and had a right to control it by virtue of being inside the premises where it was

kept and his connection to the person who actually possessed it was not enough to sustain the conviction without additional evidence linking the defendant to the gun. (*Ibid.*)

Unlike *Sifuentes*, the prosecution's general assertion of typical aspects of a dating relationship was not the only evidence linking defendant to the ammunition. As mentioned above, the reasonable inference that defendant maintained control of the ammunition was supported by his confession to once having possessed the gun found next to the ammunition, knowledge of the gun's and ammunition's current location, storage of the gun and ammunition in the same container, their matching calibers, and defendant's storage of personal items in the shed. Defendant's and Aguirre's relationship only serves to bolster the inferences drawn from additional, more specific evidence linking defendant to the ammunition.

In view of the totality of the circumstances and the above stated legal principles, we find sufficient evidence was presented at trial for a rational trier of fact to reasonably infer that defendant knowingly exercised control or the right to control the ammunition and therefore constructively possessed it.

## II. The Trial Court Found Section 654 Applies

Defendant contends the trial court erred in not staying his sentence for the ammunition conviction because the court mistakenly believed imposing a concurrent sentence was equivalent to a stay and consequently failed to determine whether section 654 applied. We find the trial court's statements concerning defendant's intent regarding the possession of the firearm and ammunition acted as a finding that section 654 applied.

The plain language of section 654 reads in pertinent part:

"An [indivisible single] act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (See *People v. Jones* (2012) 54 Cal.4th 350, 353.)

A single course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 where the defendant harbored separate intents and

objectives. (*People v. Jones*, *supra*, at p. 357.) If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. (*Ibid*.) Courts are required to determine whether section 654 applies based on the facts of a case. (Cal. Rules of Court, rule 4.424.) "[A]lthough there appears to be little practical difference between imposing concurrent sentences [and staying a sentence], the law is settled that the sentences must be stayed" where section 654 is found to apply. (*People v. Jones*, *supra*, at p. 353.)

While not expansive, the trial court did make a finding that defendant possessed both the firearm and ammunition with a single criminal objective and, consequently, that section 654 applied. At the sentencing hearing, the trial court stated:

> "Now, as to whether or not this is a 654 issue, it really becomes [moot] because the Court believes on Count 2 the ammunition conviction that the crimes and objectives were not only the same but was to have available a firearm ready for use, if needed. Ready for use means that it would be a loaded firearm and that the objective was the same, and Counts 1 and 2 are predominately the same, therefore, Count 2 the Court would impose a concurrent sentence of upper term of three years."

Sentencing was resumed the next day and the trial court stated once again:

> "On Count 2, the Court believes as previously stated it was part of the primary objective of the crime described in Count 1 was not predominately independent and, therefore, it's either subject to 654 based upon [*People v. Lopez* (2004) 119 Cal.App.4th 132] or the Court believes that concurrent sentence would be imposed on Count 2 for upper term of three years."

A reading of the court's comments makes it clear the court believed defendant acted with the same intent and objective in committing the offenses. The jury's finding that defendant constructively possessed the ammunition, based in large part on its proximity and matching calibers of the firearm, provide substantial evidence for the trial court's finding. The trial court, however, seemed to be under the erroneous impression that it had the option of ordering a concurrent sentence irrespective of whether section 654 applied or perhaps that section 654 required imposition of a concurrent sentence. As explained above, either is incorrect. Where, as here, section 654 is found to apply, the

court is required to stay the sentence of the applicable conviction.  We thus order that the trial court's judgment be modified to reflect a stay of the ammunition possession sentence.

## DISPOSITION

Defendant's sentence for possession of ammunition is stayed pursuant to section 654 in accordance with the trial court's findings.  The trial court is directed to amend the abstract of judgment to reflect the stay and to forward copies of the amended abstract to the California Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.