PHILIP RICHARDSON, Respondent, *v*. JONES & DEN-TON, Appellants.

The use of intoxicating liquor by a juror during the progress of a trial, or after the case has been submitted, unless furnished by the party in whose favor the verdict is given, or unless it is shown that intoxicating effects were produced, is no ground for setting aside the verdict or awarding a new trial.

Every irregularity on the part of a jury does not authorize the verdict to be set aside unless the party complaining shows, by reasonable presumption at least, that he has been injured thereby.

The violation of a contract in which a penalty for breach is inserted, does not necessarily authorize the recovery of such penalty.

In an action upon such an instrument, the plaintiff should not only prove the contract and the breach by defendant, but in addition thereto it is necessary to establish actual damages resulting from such breach, or he can only recover a mere nominal sum.

In such case an allegation of actual damage, or the statement of facts from which it must be inferred, is indispensably necessary to the sufficiency of a complaint where more than mere nominal damages were claimed.

Where no time is specified when an act is to be done, it will be presumed in law that it is to be done within a reasonable time.

APPEAL from the District Court of the Eighth Judicial District, State of Nevada, Douglas County, Hon. DANIEL VIRGIN presiding.

In the agreement upon which this action was brought the plaintiff and the defendants bound themselves in the penal sum of ten thousand dollars for the performance of its stipulations and agreements.

The plaintiff alleges a breach of the agreement on the part of the defendants, but does not allege that he suffers any actual damage thereby; but claims judgment for the penal sum of ten thousand dollars, fixed in the agreement as stipulated damages. Upon this count in the complaint the jury gave a verdict in favor of the plaintiff for the sum of six thousand five hundred dollars.

Upon the motion for new trial the affidavit of the Deputy

Sheriff who had charge of the jury was produced, wherein he swears that after the jury had retired to deliberate upon their verdict they had in their possession and drank freely of brandy and whisky; but it is not shown by whom the liquor was furnished, nor that any of the jurors became intoxicated.

New trial refused, and defendants appeal.

*Bryan & Seely,* Attorneys for Appellants.

The first count of the complaint and the one upon which the verdict was found, is upon a penal bond or contract, and there is no averment that the plaintiff has suffered damage by reason of the alleged breaches of the contract. Such an averment is necessary. (1 Van Sanford's Pleadings, 829, 830, 831; 1 Chitty's Pleadings, 684.)

The jury while deliberating to make up their verdict drank spirituous liquor. (*State* v. *Engle,* 13 Ohio R. 490; *The People* v. *Douglas,* 4 Cowen, 26; *Brant* v. *Fowler,* 7 Cowen, 562; *Rose* v. *Smith,* 4 Cowen, 17; *Kellogg* v. *Reed,* 15 John. R. 455; *State* v. *Prescott,* 7 New Hampshire, 287; *Gregg* v. *McDaid,* 4 Harrington R. 367; *Stone* v. *The State,* 4 Humphrey, 27; *People* v. *Ransome,* 17 Wend. 417.)

Authorities *per contra:* *Wilson* v. *Abrahams,* 1 Hill, N. Y. 207; *Preston* v. *Humphreys,* 6 Greenleaf, 379; *United States* v. *Gilbert,* 2 Sumner, 21.)

*Cradlebaugh & Brumfield,* Attorneys for Respondent.

Opinion by LEWIS, C. J., full Bench concurring.

The verdict in this case being for the plaintiff the defendants moved for a new trial, which was denied; defendants appeal, and claim that the judgment should be reversed.

*First*—Because of the misconduct of the jury; and

*Second*—Because the plaintiff not having alleged or claimed damages in his complaint, the verdict which was for six thousand five hundred dollars, was not authorized by it.

Upon the motion for new trial the defendants produced the affidavit of N. C. Kinney, the Deputy Sheriff who was in charge of the jury after they had retired to deliberate on their verdict,

in which he swears that the jurors had in their possession and drank spirituous and intoxicating liquor, without the consent or authority of the Court; that while he was absent from the jury room for a short time the jurors drank the larger portion of two bottles of the liquor; that he threw away the remainder, and received the assurance of the jurors that there was no more liquor in their possession; but that he again found them in possession of and drinking what he supposed to be either brandy or whisky.

It is not stated, however, by whom the liquor was furnished, or that so much was drank as to intoxicate or affect any of the jurors in the least. It has been held that a mere drinking of intoxicating liquor by a juror during the progress of a trial, regardless of the quantity or the fact that it was furnished by himself, would authorize the setting aside of the verdict. (*People* v. *Douglas*, 4 Cowen, 26; *Brant* v. *Fowler*, 7 Cowen, 562; *Rose* v. *Smith & Davy*, 4 Cowen, 17; *Kellogy & Reed*, v. *Wilds*, 15 Johns. R. 455, and *The People* v. *Ransome*, 7 Wend. 417.) But these decisions are not followed in the later cases. In *Wilson* v. *Abrahams* (1 Hill, N. Y. R. 207), they were all reviewed, and the Court held that the use of intoxicating liquor by jurors, unless furnished by the person in whose favor the verdict was given, or unless it were shown to have produced intoxicating effects, was no ground for setting aside the verdict.

Judge Bronson in delivering the opinion of the Court concludes as follows:

"When in the course of the trial a juror has in any way come under the influence of the party who afterwards has the verdict, or there is reason to suspect that he has drank so much at his own expense as to unfit him for the proper discharge of his duty, or where he has so grossly misbehaved himself in any other respect as to show that he had no just sense of the responsibility of his station, the verdict ought not to stand. But every irregularity which would subject the juror to censure, whether in drinking spirituous liquors, separating from his fellows, or the like, should not overturn the verdict, unless there is some reason to suspect that irregularity may have had an influence on the final result."

This decision was followed by the same Court in *Dunning* v. *Humphrey & Clark*, and they are sustained by numerous authorities both in this country and in England. (*Commonwealth* v. *Roby*, 12 Pick. 510; 6 Greenleaf, 379; *United States* v. *Gilbert*, 2 Sumner, 21; *Duke of Richmond* v. *Wise*, 1 Vent. 124; *The King* v. *Burdett*, 12 Mod. 111.)

Every irregularity on the part of a jury does not authorize the verdict to be set aside, unless the party complaining shows at least by reasonable presumption that he has been injured thereby.

In this case we see nothing from which it can be even inferred that the defendants were prejudiced by the misconduct complained of. If it were shown that any of the jurors drank so much liquor as to incapacitate them from the proper discharge of their duty, or so as to become in the least intoxicated, the verdict should be set aside. Nothing of the kind, however, appears.

The second point relied on by counsel for appellant seems to be well taken. The complaint seems to be framed solely with the view of recovering the penalty specified in the agreement between plaintiff and defendants, regardless of whether any actual damage had been suffered or not by the breach of contract. The law, however, only authorizes the recovery of the actual damage sustained upon the breach of a contract of this character; and if no actual damage is proven none can be recovered, though a breach of contract is shown.

The violation of an argument in which a penalty for breach is specified does not, therefore, necessarily authorize a recovery of such penalty.

In an action upon such an instrument the plaintiff should not only prove the contract and the breach by defendants, but in addition thereto it is necessary to establish actual damages resulting from such breach, or he can only recover a mere nominal sum. In such a case, if only nominal damages can be recovered where there is no actual damage sustained, it follows that an allegation of damage or the statement of facts from which it must be inferred becomes indispensably necessary to the sufficiency of a complaint where more than mere nominal damages are claimed.

We find no such allegation in the complaint in this action. The statement that on the 10th day of August, A. D. 1864, plaintiff had sawed and delivered in the mill yard three hundred thousand feet of lumber more than the defendants had received or paid for, does not necessarily show a breach of contract, for the agreement provides only for the payment on the tenth day of each month for so much lumber as would appear by the shipping books of defendants to have been delivered to them.

And there is no provision in the instrument requiring the defendants to receive the lumber as fast as it was sawed. It is quite evident, however, that they were to pay for it only as it was received by them and evidenced by their shipping books.

If they refused for an unreasonable time to receive and pay for lumber sawed by plaintiff, there should be an allegation to that effect in the complaint, for where no time is specified when an act is to be done, it will be presumed in law that it is to be done within a reasonable time. In such a case plaintiff would be entitled to recover the same as if there had been a failure to perform an act which is expressly agreed to be performed on a day specified.

The complaint, therefore, does not state facts sufficient to sustain the judgment.

Judgment reversed, with leave granted plaintiff to amend his complaint.