PER CURIAM.
The appellant was tried in the criminal court of record in Dade County, adjudged guilty of aiding or assisting in the conducting of a lottery and possession of lottery tickets and was sentenced to be imprisoned for 18 months. On appeal he contends the trial court committed error (1) in denying his motion to quash a search warrant and suppress the evidence obtained thereunder and (2) by refusing to require disclosure of the identity of the confidential informant referred to in the affidavit on which the search warrant was predicated.
On consideration of the record and briefs we conclude that no error has been made to appear. The warrant was issued for search of an automobile, on an affidavit alleging the probability of possession of lottery tickets based on “reliable information from a confidential and trustworthy in *227 formant.” From disclosures in the record; the court was .entitled to conclude that the observation and . information thereof, on which the search warrant was issued, were made and received a day or so before the affidavit was made and warrant issued. There does not appear to be any set rule as to the number of days which may elapse between observation of the alleged offense and the making of the affidavit. Thus, in Hamelmann v. State, Fla.App.1959, 113 So. 2d 394, it was said in that connection that an interval of more than 30 days has been held to be such an unreasonable length of time as to negative a presumption of reasonable cause, but that a period of 20 days or less has generally been held not so unreasonable as to vitiate the search warrant.
The trial court was correct in denying the motion for disclosure of the confidential informant referred to in the search warrant affidavit. No special circumstances requiring such disclosure- were shown. See Harrington v. State, Fla.App.1959, 110 So.2d 495; City of Miami v. Jones, Fla. App.1964, 165 So.2d 775.
The judgment appealed from is affirmed.