HAROLD GATES GORDON, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 5208

April 11, 1967                    426 P.2d 424

Robert E. Rose of Goldwater, Taber and Hill, of Reno, for Appellant.

Harvey Dickerson, Attorney General, and George E. Franklin, Jr., District Attorney of Clark County, and Jerry J. Kaufman, Deputy District Attorney of Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

During the mid-afternoon of May 4, 1965 a bearded man, armed with a gun, entered the office of the Housing Authority in Las Vegas. He directed the employee on duty to open the safe and turn over the money on hand. She did as directed, and the thief left with about $600.

Later the same day Harold Gates Gordon was registered under another name at the Branding Iron Motel, Unit No. 7. At approximately 11 p.m. that evening law officers, using a pass key secured from the motel manager, entered Gordon's room, arrested him, and conducted a search for evidence. The officers did not possess an arrest warrant or a search warrant. In the bathroom they found shaving equipment, a moist shaving brush, and facial hairs in the bowl of the sink, which they seized. Testimony concerning the fruits of the search was received at the trial over objection. The apparent purpose in offering such testimony was inferentially to show that Gordon had recently shaved and could have been the bearded robber. Two eye witnesses to the robbery identified Gordon as the perpetrator. A defense witness testified that Gordon did not have a beard on the day of the robbery. He had seen him during the early afternoon at a pool hall. The jury convicted Gordon of robbery, and this appeal ensued.

The main question presented is whether Gordon's arrest without a warrant was constitutionally permissible. The lower court ruled that it was, and therefore allowed testimony about the fruits of the search, since it believed that the search was incident to a lawful arrest.[1] This, we think, was error.

The Fourth Amendment commands that no warrants for either searches or arrests shall issue except upon "probable cause." That proscription is enforcible against the States through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643 (1961). Probable cause exists if the facts and circumstances known to the officer at the moment of the arrest would warrant a prudent man in believing that a felony had been committed by the person arrested. Beck v. Ohio, 379 U.S. 89 (1964); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160 (1949); Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966).

In the case at hand the evidence touching on the issue of probable cause for arrest is meager. Only one officer testified. He stated that: "We felt the accomplice was in custody and was to meet the accused at the motel at a time earlier than we had found where he was." The officer did not advise the court what the "accomplice" had actually said, and why he thought the information was credible and reliable. Cf. McCray v. Illinois, 386 U.S. 300 (1967). The essential supporting facts were not related. The court must be informed of the facts upon which the officer acted if probable cause for a warrantless arrest is to be shown. Beck v. Ohio, supra; cf. McCray v. Illinois, supra. Indeed, even had an arrest warrant been obtained, the constitution requires a greater showing of probable cause than is disclosed by the present record. Aguilar v. Texas, 378 U.S. 108 (1963). The requirements of reliability and particularity needed to support a warrantless arrest are not less stringent than when an arrest warrant is obtained. Wong Sun v. United States, 371 U.S. 471 (1962). The burden rests with the prosecution to establish probable cause for an arrest. That burden was not met here.[2]

---

[1] We proceed on the premise that if the objects seized were not constitutional evidence, neither was testimony concerning them.

[2] Our holding renders it unnecessary to decide whether, in any event, the Fourth Amendment prohibition was violated by the unannounced police intrusion into Gordon's motel room. See: Ker v. California, 374 U.S. 23 (1962); Stoner v. California, 376 U.S. 483 (1963).

Subordinately the state suggests that the error was harmless, since there were two eye-witnesses to the robbery who identified Gordon as the culprit and also other substantial evidence of guilt. The robber, however, was a bearded man. Gordon did not have a beard when arrested, and a defense witness testified that he did not have a beard earlier that day. Identity was crucial, and the evidence conflicting. The testimony concerning the moist shaving brush and facial hairs which the officers found in their bathroom search of Gordon's unit was relevant evidence tending to lend weight to the State's case. Before a federal constitutional error may be deemed harmless we must be able to declare a belief that it was harmless beyond a reasonable doubt and could not possibly have influenced the verdict. Chapman v. California, 386 U.S. 18, 17 L.Ed.2d 705 (1967); Fahy v. Connecticut, 375 U.S. 85 (1963). We cannot so declare in this case. It seems apparent that the unconstitutional evidence was important to the conviction.

Appellant's counsel was appointed to take this appeal. We direct the lower court to give him the certificate specified in subsections 3 and 4 of NRS 7.260, to enable him to receive compensation for his services on appeal.

Reversed and remanded for a new trial.

COLLINS and ZENOFF, JJ., concur.