ALTON CLARENCE HENRY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5229

April 27, 1967

426 P.2d 791

 

*Dorsey & Harrington,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

The sole issue on appeal is whether the evidence was sufficient to sustain Henry's conviction for the illegal possession of a hypodermic syringe and needle for the purpose of administering subcutaneously habit-forming drugs to a human being in violation of NRS 453.125.

The defendant, Henry, contends that since the syringe and needle were found in his companion's purse there was not substantial evidence to show his possession at the time of his arrest.

The evidence shows that Henry and his girl friend lived together for a period of time at the place of arrest. Law officers testified that they observed the couple administer drugs to each other by means of a syringe and needle approximately two hours prior to the arrest. When the officers under the authority of a search warrant entered the premises, Henry and the woman were on the bed. The woman's purse containing the syringe and needle was on a table near the bed.

Such evidence substantiates the State's contention that Henry was in joint possession of the syringe and needle when they were found by the officers. See Williams v. People, 315 P.2d 189 (Colo. 1957); People v. MacArthur, 271 P.2d 914

(Cal. 1954); Gonzales v. People, 264 P.2d 508 (Colo. 1953); People v. Basco, 264 P.2d 88 (Cal. 1953); State v. Chin Gim, 47 Nev. 431, 224 P. 798 (1924). Where there is substantial evidence to support a verdict in a criminal case, the reviewing court will not disturb the verdict nor set aside the judgment. Terrano v. State, 59 Nev. 247, 91 P.2d 67 (1939).[1]

Affirmed.

---

[1]The cases of Terrano v. State, supra, and State v. Chin Gim, supra, have been overruled as to other legal conclusions not in issue here. Whitley v. State, 79 Nev. 406, 386 P.2d 93, at Footnote 5 (1963).