HENRY DENNIS STAMPS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5018

May 23, 1967                                    428 P.2d 188

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On appeal from a conviction of possession of narcotics, the assertion is made that the procedure followed by the police

which led to the discovery of the incriminating evidence was improper. On the contrary, we deem it to be exemplary and commendable.

Based on information received from several sources, two of which were allegedly reliable in the past, appellant's residence was placed under surveillance as a suspected center of traffic in heroin. During the period of observation, persons known to be addicts (some with records of narcotic convictions) came and left the premises at irregular times during early morning hours. On several occasions, recognized heroin addicts were seen leaving the house carrying penny ballons known as "bags" and used for carrying heroin. Two such persons were observed—one in a stupor, the other apparently undergoing preliminary withdrawal—exhibiting symptoms of narcotics use.

The foregoing information was gathered over a period of time and presented by affidavit to a magistrate who issued a search warrant based thereon. A two-day period elapsed between the last observation of the house and the search.

When a search of the house yielded no contraband, the officers then proceeded to dig in the back yard because appellant previously was seen to dig a hole in the back yard, put something in it, refill the hole and water the freshly turned dirt. Several buried caches of heroin and marijuana were found there, sealed in clear plastic bags.

The several points of error which appellant urges with regard to the search of the yard and the seizure of the contraband are without merit.

1. NRS 179.030 provides: "No search warrant shall be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and place to be searched." It is asserted that the affidavit did not support the issuance of the warrant.

Our most recent case dealing with probable cause is Gordon v. State, 83 Nev. 177, 426 P.2d 424 (1967). Although it dealt with a warrantless arrest and search, the matter of probable cause was discussed. It was there said that, "Probable cause exists if the facts and circumstances known to the officer at the moment of the arrest would warrant a prudent man in believing a felony had been committed by the person arrested." Justification of a search warrant, not an arrest, is involved here, but the element of probable cause is the same.

The warrant was supported by a recitation in the affidavit of the observations by the police themselves (with the exception· of the burying episode). Such a record clearly establishes

sufficient probable cause. Aguilar v. Texas, 378 U.S. 108 (1964). A "prudent man" would be justified in issuing a warrant authorizing the search.

In Aguilar the court refused to uphold a search warrant based on unsubstantiated conclusions of the officers who sought it. But the majority opinion stated: "If the facts and results of such a surveillance had been appropriately presented to the magistrate, this would, of course, present an entirely different case." 378 U.S. 108, 109 (1964), Footnote 1. This, then, is the "entirely different case" of which Mr. Justice Goldberg was speaking, and the constitutional requirements are satisfied.

2. The two-day lapse of time between surveillance and the search are not fatal. Under ideal conditions it takes two hours to merely obtain a search warrant. Collings, Toward Workable Rules of Search and Seizure—An Amicus Curiae Brief, 50 Cal.L.Rev. 421, 446 (1962). We cannot say that a two-day lapse between the last observation and the execution of the warrant is unreasonable. Carr v. State, 184 So.2d 226 (Fla.Dist.Ct.App. 1966); Underdown v. District of Columbia, 217 A.2d 659 (D.C.Ct.App. 1966).

3. Appellant was observed while he "planted" something in the back yard. In an effort to find what it was, officers encountered other contraband scattered about the yard in several subterranean hiding places. This conduct did not amount to an illegal exploratory search. Go-Bart Importing Co. v. United States, 282 U.S. 344 (1931). The officers were lawfully where they were, trying to locate the item they had seen appellant hide. They were not required to shut their eyes to contraband when they happened upon it. Heffley v. State, 83 Nev. 100, 423 P.2d 666 (1967). See also Stamps v. State, Case No. 5017, decided this day.

4. From the findings of narcotics in the yard of the house where appellant lived, the jury could reasonably infer possession by him. State v. Chin Gim, 47 Nev. 431, 224 P. 798 (1924).[1] We perceive no less reason for attributing constructive possession to Stamps than we did for attributing joint possession of a syringe and needle to the appellant in Henry v. State, 83 Nev. 194, 426 P.2d 791 (1967).

---

[1]Overruled in part on a different point in Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963), at Footnote 5.

The final asserted grounds for error concern the prosecutor's having asked appellant whether he had been arrested pursuant to a grand jury indictment. The question was not answered. It was stricken and the jury was instructed to disregard it. The prosecutor then asked whether defendant had been convicted of a felony. NRS 48.130. His answer was yes. The court precluded further pursuance of the matter. This was not error.

Affirmed.