WILLIAM H. CURTIS, APPELLANT, *v.* GEORGE GRIF–ALL CO. AND O. H. GRAHAM, RESPONDENTS.

No. 5457

May 29, 1968                     441 P.2d 680

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* and *Roger W. Jeppson,* of Reno, for Appellant.

*Wait & Shamberger,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, J.:

This is an action whereby appellant William Curtis sought to recover damages for personal injuries from respondents George Grifall Co. and O. H. Graham.

The trial of the action commenced Monday, March 6, 1967. On Friday, March 10, 1967 following the noon recess, after 4½ days of trial, the defense was ready to present its closing argument. At that time, the presiding Judge, Honorable Grant L. Bowen, summoned counsel into chambers and called their attention to the fact that he "believed" a juror "was intoxicated or was for some other reason unable to perform his duty as juror." In response to his statement to counsel that he wished to examine the juror, each told him they desired no such examination due to the unpredictable effect it might have on the proceedings. The trial continued and later that day a defense verdict was rendered. Appellant's motion for new trial, based upon juror misconduct, was denied. This appeal followed.

The general Nevada rule concerning drinking by jurors was set forth in Richardson v. Jones, 1 Nev. 405 (1865) wherein the court stated that "every irregularity which would subject the juror to censure, whether drinking spirituous liquors, separating from his fellows, or the like, should not overturn the verdict, unless there is some reason to suspect that irregularity may have had an influence on the final result." However, a later case modified that rule somewhat by stating that reversible error *per se* exists, without a showing of prejudice, if the juror has drunk to an "intoxicating extent." Davis v. Cook, 9 Nev. 134 (1874).

We hold that the appellant is unable to come within either of these rules.

Appellant does not come under the general rule stated in Richardson v. Jones, supra, because there is no evidence in the record before us to show "some reason to suspect that

irregularity may have had an influence on the final result." Indeed, the trial court's denial of the new trial motion amounted to an implied finding that the juror misconduct did not prejudice the appellant. Sepulveda v. Ishimaru, 308 P.2d 809 (Cal.App. 1957).

Likewise appellant also does not come under the rule of Davis v. Cook, supra. Whether the juror drank so much as to affect his mental faculties was a question of fact to be passed upon by the trial court. State v. Jones, 7 Nev. 408 (1872).

Here the affidavit subscribed by the trial judge stated only that he had a *belief* that the juror was intoxicated. However, the acts of counsel precluded investigation by the court which could have been the basis for such a factual finding.

The judgment in favor of the defendant is therefore affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.