MELVIN TELLIS, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 5859

December 15, 1969                    462 P.2d 526

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

A jury found Melvin Tellis guilty of the crime of burglary. He has appealed, asserting that insufficient evidence was adduced at the trial to establish his guilt beyond a reasonable doubt. We reject this contention, and we affirm the judgment of conviction.

It has been well established that where there is substantial evidence in the record to support the verdict of the jury, it

will not be overturned by an appellate court. Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969); Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968); Crowe v. State, 84 Nev. 375, 441 P.2d 90 (1968); Henry v. State, 83 Nev. 194, 426 P.2d 791 (1967).

Tellis and a codefendant, James Eason, were charged by Information with burglarizing the Weiss Liquor Store in Clark County.[1] The record shows that Roy A. Weiss, owner of the store, locked it at the close of business on October 2, 1968. Other than Weiss, no one had access to a key to the premises except the agents of Alarmco Inc., who had installed an alarm system in the building. Later in the night, about 11 o'clock, the alarm was tripped and went off. Police officers from the City of Las Vegas soon arrived and observed Tellis standing outside near the rear door of the building. Tellis started fumbling with his trousers and walked toward one of the officers, declaring that he had just answered a call of nature. The officers searched but could find no evidence of the "call." In the meantime, Eason, who had been in the building, suddenly exited via a small window in the men's rest room, proclaiming at once to the officers that Tellis was not with him and that Tellis was not involved in any way. Upon examination of the building, the officers found that entry had been made through the window in the men's rest room, from which Eason had taken his leave. One of the metal bars that had secured the window had been sawed away. The window was 5 feet from the ground. Once inside the rest room, the burglar knocked a hole through the plasterboard of the rest room and entered the main storeroom. Five cases of beer, wine, and liquor were found stacked inside the rest room near the window, evidently to be handed through the window to Tellis, who stood watch outside the building. At the police station, the officers found freshly sawed metal filings on Tellis's clothing.

NRS 195.020 provides:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its

---

[1]NRS 205.060 reads, in part:

"1. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

commission, and whether present or absent; . . . is a principal, and shall be proceeded against and punished as such. . . ."

Clearly, in the record before us there is ample evidence from which the jury could draw the reasonable inference that Tellis aided and abetted Eason in the burglary of the liquor store; therefore, the judgment of conviction is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.