### STATE v. BLACKBURN, et al.
No. 3318.

Circuit Court, Seminole County.

June 22, 1971.

Abbott Herring, State Attorney, Rom W. Powell, Assistant State Attorney, for the state.

Edward J. Hanlon, Jr. & Partners, Orlando, for the defendant Blackburn.

Edward R. Kirkland, Orlando, for the defendants Smith and Lee.

THOMAS WADDELL, Jr., Circuit Judge.

This cause coming on to be heard on the motion to suppress filed by the defendants, and the court having heard the testimony of witnesses presented by the state and the defendant and the argument of counsel, being fully advised in the premises, makes the following finds of law and fact —

That the controlling statutes are contained in chapter 934, Florida Statutes, specifically §§934.01 through 934.10, and that the statutes are derived directly from title 18, chapter 119, §§2510 through 2520 of the United States Code.

That neither the application and affidavit nor any of the orders issued by the court pursuant to the application and affidavit included a finding that the offense of "gambling" was conditioned upon the wording contained in §934.07, to-wit — ". . . kidnapping, gambling (when the same is of an organized nature or carried on as a conspiracy in violation of the laws of this state) . . ."

That the order authorizing the interception of wire communications did not set forth the findings required by §§934.09(3) and (4). See: Amendment IV, United States Constitution; Katz v. U.S., 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed.2d 576; Article I, §12, Florida Constitution; and Berger v. N.Y. 388 U.S. 41, 87 S. Ct. 1873, 18 L. Ed.2d 1040.

That the portion of the application and affidavit pertaining to the conducting of a wire tap on Orlando telephone number 295-8211 is stale because such information was ordered more than 30 days prior to the application and affidavit. See: Hamermann v. State, 113 So.2d 394; Carr v. State, DCA3, 184 So.2d 226.

That the application did not contain a statement of the period of time for which interception was required to be maintained in keeping with the requirements of §934.09(1)(d).

That the order attempting to change the period of interception of wire communications did not meet the requirements of the statute pertaining to extensions thereof in accordance with the requirements of §934.09(1)(f).

That there was no application for an extension order setting forth in detail the information required by §934.09(5).

That the officers intercepting the wire communications did not maintain the tapes, recordings, orders or application in accordance with the requirements of §934.09(7)(a) nor were they brought to the issuing judge within the time period required by §934.09(7)(a).

That the tapes were allowed by the prosecuting authorities to leave the custody of one Edward McElroy in contravention of the order of the court regarding said custody and in contravention of the requirements of §934.09(7)(a) and (b).

That the tape indiscriminately intercepted 100% of all of the communication for the entire period provided, thus exceeding statutory limitations.

That the defendant, Harlan Blackburn, was not notified either within a reasonable time or within a period of 90 days after the period of the termination of the order for the interception of wire communications, although Blackburn was a person who should have been notified as the "interests of justice" would have required the same in accordance with the provisions of §934.09(7)(e).

That the officers recording the wire communications in accordance with the court order did not comply with the requirements of §934.09(7)(a) in that the conclusion of the interception was ordered on the 18th day of May, 1970, and the ten tapes were not delivered over to the court until the 6th day of June, 1970. Further,

in the interim, the tapes were delivered to the residence of Officer Roy Henry of the Orlando Police Department rather than remaining in the custody of the officers who performed the interception, and in turn, then delivered to the court-named custodian, Edward McElroy, on the 1st day of June, 1970.

That at no time subsequent to the court order of June 6, 1970, designating Edward McElroy as the custodian of the affidavit and orders and of the recordings did McElroy or any representative of the state move to change the custody of the affidavit, orders and recordings but rather allowed the custody to change to others not court authorized.

That the interception of wire communications should have ceased on or about the 6th day of May, 1970, for it appears from the report of Lt. Bobby Tanner to the court that sufficient evidence had been obtained on that date to have fulfilled the requirements desired by the interception of wire communications.

In accordance with the foregoing findings of law and fact, it is ordered and adjudged that the motion to suppress urged by the defendants is granted.