## WILBERT CORBETT, Jr., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

### No. 8232

February 23, 1976 548 P.2d 641

[Rehearing denied April 29, 1976]

*Morgan D. Harris,* Public Defender, and Robert D. Larsen, Deputy Public Defender, Clark County, for Appellant.

*George E. Holt,* District Attorney, *H. Leon Simon,* Chief Appellate Deputy District Attorney, and *Elliott Sattler,* Chief Deputy District Attorney, Clark County, for Respondent.

## O P I N I O N

By the Court, THOMPSON, J.:

Corbett was charged and, by a jury, found guilty of robbing Leonard Cutler on November 5, 1974, at Motel Six in Las Vegas. He has been sentenced to serve a term of 12 years in the Nevada State Prison and is now there confined. Originally, he and Clarence Mitchell were jointly charged with the crime. Later, the court granted a motion for separate trials.

On the day trial was to commence, defense counsel presented a motion to suppress evidence, including evidence concerning the constitutionality of Corbett's arrest which occurred four days after the robbery without an arrest warrant. The motion was denied since it was not timely made, that is, it was not made not less than 15 days before trial, and the court was not persuaded that good cause was shown to permit a tardy motion. NRS 174.125(3)(a), (b). The tardiness in presenting the motion to suppress, however, does not preclude appellate

consideration of the constitutional issue sought to be raised. Indeed, we are obliged to consider it. Hardison v. State, 84 Nev. 125, 128, 437 P.2d 868 (1968).

As Leonard Cutler entered his motel room he was hit on the head, placed on the bed with a blanket over his head and his hands were bound behind his back. He never saw his assailant or assailants, and did not know whether one person or more than one was involved. Later, he was dragged into the bathroom. His watch, wallet, money, camera, clothing and credit cards were stolen, and his parked automobile as well. After the perpetrator or perpetrators had left the scene, Cutler managed to free himself and telephone the police. Officers arrived soon thereafter, received Cutler's report, and dusted for fingerprints. The fingerprints of Corbett and Mitchell were found in the motel room.

Four days later two police officers went to room 102 of another motel, The Ranch Inn, at the opposite end of Las Vegas from Motel Six. Room 102 was registered to a person named Rosa Adelman. The officers did not possess an arrest warrant. They knocked on the door several times. Finally, window curtains separated and an unidentified person peered out. So far as the record shows, the officers had no reason to believe that either Corbett or Mitchell was in the motel room. The officers kicked open the door without having demanded admittance or explaining the purpose for which admittance was desired, NRS 171.138, entered the room, and there arrested Corbett, Mitchell and two women. Rosa Adelman was not one of them.

It is established law that probable cause for a warrantless arrest must be shown on the record. The court must be informed of the facts upon which the officer acted if probable cause for a warrantless arrest is to be shown. The burden rests with the prosecution to establish probable cause. Gordon v. State, 83 Nev. 177, 426 P.2d 424 (1967); Cf. Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966), and Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967), where probable cause was shown on the record.

The United States Supreme Court will not tolerate a warrantless arrest unless probable cause therefor is shown on the record. Beck v. Ohio, 379 U.S. 89 (1964). The Court there observed: ". . . The record in this case does not contain a single objective fact to support a belief by the officers that the petitioner was engaged in criminal activity at the time they arrested him." Id. at 95. Neither does the record in the case at

hand contain a single objective fact to support a belief by the officers that Corbett was in The Ranch Inn Motel room, or that they possessed reliable information that he had committed a robbery four days earlier.

When the prosecutor inquired of one of the arresting officers why he had gone to The Ranch Inn Motel, defense counsel objected on the ground of hearsay.[1] Although the prosecutor did not then submit an offer of proof, it is evident that the purpose of his question was to obtain, for the record, the information which led the arresting officers to believe they had probable cause to consummate a warrantless arrest of the occupants of the motel room.

Hearsay will support a finding of probable cause if the informer is found credible and the basis for believing him credible is shown. McCray v. Illinois, 386 U.S. 300 (1967). The court should have overruled the objection and received the proffered testimony, since without it, the record contains nothing to support the validity of the warrantless arrest. This void in proof may not be deemed harmless. We have no choice but to set aside the conviction and remand for another trial. We may not speculate that the arrest was either valid or unlawful. The consequences of such speculation are too drastic.

Reversed and remanded.

BATJER, ZENOFF, and MOWBRAY, JJ., concur.

GUNDERSON, C. J., concurring and dissenting:

I agree that the prosecution had the burden of showing probable cause for its actions at The Ranch Inn, that it did not do so, and that we must require the district court to determine whether it can. However, neither I nor appellant's counsel agree with the majority's conclusion that this court has "no choice but to set aside his conviction and remand for a new trial."

As defense counsel conceded during oral argument, a new trial may not be necessary. It would be quite appropriate for this court to require, on remand, that the district court proceed first to hear appellant's motion to suppress. If the district court

---

[1]"Q: What caused you to go to this motel?
"A: Received information that the—
"Defense counsel: I'll object as being hearsay.
"Court: Sustained."

found the police acted properly, and therefore denied appellant's motion, no new trial would be required unless we reversed the denial of appellant's motion to suppress on appeal.

I suggest that this course of action, which might save substantial cost and court time, should be adopted here.