GERALD MORRELL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9403

August 2, 1977                    567 P.2d 60

*Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Ronald T. Banta,* District Attorney, Lyon County, for Respondent.

**OPINION**

*Per Curiam:*

Convicted by jury of four counts of robbery (NRS 200.380) and one count of infamous crime against nature (NRS 201.-190), appellant contends (1) he was improperly sentenced and (2) certain items of evidence should have been suppressed. We disagree.

1.   Because appellant used a firearm in the commission of the crimes, the trial court imposed an additional consecutive sentence for each count pursuant to NRS 193.165.[1] Appellant

---

[1]NRS 193.165(1) provides:

"1.   Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment

contends his offenses comprise an indivisible transaction and, thus, NRS 193.165 may be invoked only once instead of being applied to each count. However, the record establishes his offenses constituted a series of divisible acts. He initially entered a brothel to rob it of the "house money." Upon discovering there was little house money, appellant began a room to room search for other victims, robbing them as they were discovered. Following the robberies, he took one victim to a separate part of the premises and committed the infamous crime against nature. As noted in In re Culbreth, 551 P.2d 23, 25 (Cal. 1976): "[A] defendant may not bootstrap himself into avoidance of additional penalties by claiming that the series of divisible acts, each of which had been committed with a separate identifiable intent and objective, composed an indivisible transaction."

2.  Appellant next contends that evidence seized pursuant to a search warrant should have been suppressed because the affidavit in support of the warrant was insufficient. Even if we expunge those portions which appellant contends are objectionable, the remaining assertions in the affidavit are sufficient to constitute probable cause to issue a warrant. *See* Stevens v. State, 540 P.2d 1199 (Okla.Crim.App. 1975). Among other things, the remainder of the affidavit establishes the identification of appellant as the perpetrator, describes the places to be searched and items to be seized, and names informants and sets forth detailed information furnished by them. Under these circumstances, the warrant was properly issued. *See* Wyatt v. State, 86 Nev. 294, 468 P.2d 338 (1970); Stamps v. State, 83 Nev. 232, 428 P.2d 188 (1967).

Affirmed.[2]

---

prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

[2]MR. JUSTICE MANOUKIAN voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated District Judge William P. Beko to sit in his stead.