**Tony PEROULIS, Plaintiff–Appellee,**

v.

**Paul KOZAK, aka Zachary Apollo Kriston, aka Zachary King, Defendant–Appellant,**

and

**Kings County Command Corporation; et al., Defendants,**

**Diana Fesko, Real-party-in-interest.**

No. 08–16615.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 19, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Connot, Esquire, E. Robert Spear, Esquire, Hutchison & Steffen, LLC, Las Vegas, NV, for Plaintiff–Appellee.

Paul Kozak, Las Vegas, NV, pro se.

Brent D. Percival, Law Offices, Las Vegas, NV, for Defendants.

Adam S. Davis, Moran Law Firm, LLC, Las Vegas, NV, for Real-party-in-interest.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Paul Kozak, aka Zachary Kriston, appeals pro se from the district court's summary judgment in favor of Tony Peroulis on Peroulis's claims for embezzlement, breach of contract, breach of the implied covenant of good faith and fair dealing, and alter ego liability. We have jurisdiction under 28 U.S.C. § 1291. We review

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

729

de novo the district court's grant of summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The grant of summary judgment did not deprive Kriston of his Seventh Amendment right to a jury trial. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir.2008) ("As the Supreme Court held, over one hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

■ Contrary to Kriston's contentions, the question of whether Peroulis was a "creditor" is not a genuine issue of material fact precluding summary judgment because status as a "creditor" is not an element of a cause of action for embezzlement, breach of contract, breach of the implied covenant of good faith and fair dealing, or alter ego and "reverse" piercing of the corporate veil. *See* Nev.Rev. Stat. § 205.300 (embezzlement under Nevada law); *Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991) (per curiam) (embezzlement under federal law); *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865) (breach of contract); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 808 P.2d 919, 923–24 (1991) (breach of implied covenant of good faith and fair dealing); *LFC Mktg. Group, Inc. v. Loomis*, 116 Nev. 896, 8 P.3d 841, 845–46 (2000) (per curiam) (alter ego and "reverse" piercing of corporate veil); *see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.").

■ Kriston may not challenge the district court's entry of default judgment against Kings Court Command Corporation or Kings Court Command LLC be-cause Kriston is not an attorney and may not, therefore, represent these entities in federal court. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel."),

Kriston has waived his argument that the promissory notes violate the usury laws of Colorado. *See Abogados v. AT & T, Inc.*, 223 F.3d 932, 937 (9th Cir.2000) (considering argument waived on appeal that was not raised on summary judgment).

■ Peroulis's motion to strike Kriston's Supplemental Appendix is granted to the extent the Supplemental Appendix contains documents and information not filed with the district court or admitted into evidence by that court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."); Fed. R.App. P. 10(a).

■ Kriston's request for Judicial Notice is denied because it includes documents not filed with the district court or admitted into evidence by that court, *see Kirshner*, 842 F.2d at 1077, and those documents are not a proper subject of judicial notice, *see* Fed.R.Evid. 201(b).

We have considered and reject all other contentions raised on appeal.

**AFFIRMED.**