# IN THE SUPREME COURT OF THE STATE OF NEVADA

IRIDESCENT STREET TRUST,
Appellant,
vs.
MONTENEGRO ESTATES
LANDSCAPE MAINTENANCE
ASSOCIATION,
Respondent.

No. 78920

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

In 2001, Robert Hughes purchased a property with a loan secured by a Wells Fargo Bank, N.A. (Wells Fargo) deed of trust. The Federal Home Loan Mortgage Corporation (Freddie Mac) subsequently obtained an interest in the property from Wells Fargo. Respondent Montenegro Estates Landscape Maintenance Association, the property's homeowners' association (HOA), foreclosed on the property in 2012 after Hughes failed to pay HOA assessments. At the HOA foreclosure sale, appellant Iridescent Street Trust bought the property. Appellant sued respondent in 2018 for breach of contract, breach of the duty of good faith and fair dealing, and conspiracy, alleging that respondent impermissibly failed to notify appellant that Freddie Mac had an interest in the property and unlawfully sold the property without obtaining Freddie Mac's consent. Respondent filed a motion to dismiss for failure to state a claim, which the district court granted. This appeal follows. Reviewing a district court order granting a motion to dismiss de novo, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008), we affirm.

We first conclude that appellant failed to state a viable claim for breach of contract. The HOA foreclosure process is governed strictly by statute, not by two parties entering into negotiations that are consummated by written agreement. *See generally* NRS 116.3116-.3117. Furthermore, a foreclosure deed is an instrument by which land is conveyed, not an enforceable contract between two parties. *See Deed, Black's Law Dictionary* (11th ed. 2019) (providing that a deed is a "written instrument by which land is conveyed"). Appellant's reliance on the foreclosure process and the foreclosure deed for its allegation that a contract existed between the two parties is therefore misguided. Accordingly, we determine that appellant inadequately alleged the existence of a contract—the quintessential requirement for a breach of contract claim. *See Richardson v. Jones*, 1 Nev. 405, 408 (1865) (establishing that a plaintiff must prove the existence of a contract in a breach of contract claim). Appellant therefore did not state a viable claim for breach of contract.

We next conclude that appellant failed to state a viable claim for breach of the duty of good faith and fair dealing because such duty presupposes the existence of a contract.[1] *See JP Morgan Chase Bank, N.A. v. KB Home*, 632 F. Supp. 2d 1013, 1022-23 (D. Nev. 2009) (providing that the implied duty of good faith and fair dealing "presupposes the existence of a contract" (internal quotation marks omitted)); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991) (noting

---

[1]To the extent that appellant seeks to base this claim on NRS 116.1113, we note that nothing in the applicable version of NRS 116.3116-.3117 imposes a duty on an HOA to disclose whether a federal entity such as Freddie Mac owns the loan secured by the foreclosed-upon deed of trust.

that a claim for a breach of the duty of good faith and fair dealing is sometimes considered a "contort" because of its hybrid contract-tort nature).

Accordingly, we hold that the district court did not err in dismissing appellant's complaint.[2]

We therefore

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
Michael H. Singer, Settlement Judge
Kerry P. Faughnan
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk

---

[2]Because appellant does not challenge the district court's dismissal of its conspiracy cause of action, we need not consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not consider claims that are not cogently argued or supported by relevant authority). Regardless, that claim would necessarily fail. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another").

[3]Because we hold that appellant failed to state viable claims, we need not address respondent's alternative argument that appellant's claims were barred by the statute of limitations.