# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 4980 DROUBAY,
Appellant,
vs.
SQUIRE VILLAGE AT SILVER SPRINGS COMMUNITY ASSOCIATION, A NEVADA NON-PROFIT CORPORATION,
Respondent.

No. 79035

FILED

OCT 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort and contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, dismissal of appellant's breach-of-contract claim was appropriate because appellant's complaint failed to allege the existence of a contract between appellant's predecessor and respondent. The HOA foreclosure process is governed strictly by statute, not by two parties entering into negotiations that are consummated by written agreement. *See generally* NRS 116.3116-.3117. Furthermore, a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-38022

foreclosure deed is an instrument by which land is conveyed, not an enforceable contract between two parties. *See Deed, Black's Law Dictionary* (11th ed. 2019) (providing that a deed is a "written instrument by which land is conveyed"). Appellant's reliance on the foreclosure process and the foreclosure deed for its allegation that a contract existed between the two parties is therefore misguided.[2] Accordingly, we determine that appellant inadequately alleged the existence of a contract—the quintessential requirement for a breach-of-contract claim. *See Richardson v. Jones*, 1 Nev. 405, 408 (1865) (establishing that a plaintiff must prove the existence of a contract in a breach-of-contract claim). Appellant therefore did not state a viable claim for breach of contract.

We next conclude that appellant failed to state a viable claim for breach of the duty of good faith and fair dealing because such duty presupposes the existence of a contract. *See JPMorgan Chase Bank, N.A. v. KB Home*, 632 F. Supp. 2d 1013, 1022-23 (D. Nev. 2009) (providing that the implied duty of good faith and fair dealing "presupposes the existence of a contract" (internal quotation marks omitted)); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991) (noting that a claim for a breach of the duty of good faith and fair dealing is sometimes considered "a 'contort' because of its hybrid contract-tort nature"). To the extent that appellant seeks to base this claim on NRS

---

[2]We are not persuaded that the foreclosure deed constituted a contract. Although appellant relies on NRS 111.707's definition of "contract," this definition pertains to the "Nonprobate Transfer of Property Upon Death" statutory subchapter, which is inapplicable here. In any event, the foreclosure deed's recitals did not rule out the possibility that a superpriority tender had been made.

Supreme Court
of
Nevada

(O) 1947A

116.1113, we note that nothing in the applicable version of NRS 116.3116-.3117 imposes a duty on an HOA to disclose whether a superpriority tender had been made. *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2005)[3] (not requiring any such disclosure). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                              Silver

cc:    Hon. James Crockett, District Judge
       Janet Trost, Settlement Judge
       Kerry P. Faughnan
       Leach Kern Gruchow Anderson Song/Las Vegas
       Eighth District Court Clerk

---

[3]This was the version of the statute in place at the time of the foreclosure sale.