# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 5246
FERRELL,
Appellant,
vs.
TREASURES LANDSCAPE
MAINTENANCE ASSOCIATION,
Respondent.

No. 80437

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort and contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, dismissal of appellant's breach-of-contract claim was appropriate because appellant's complaint failed to allege the existence of a contract between appellant and respondent. The HOA foreclosure process is governed strictly by statute, not by two parties entering into negotiations that are consummated by

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-04484

written agreement. *See generally* NRS 116.3116-.3117. Furthermore, a foreclosure deed is an instrument by which land is conveyed, not an enforceable contract between two parties. *See Deed, Black's Law Dictionary* (11th ed. 2019) (providing that a deed is a "written instrument by which land is conveyed"). Appellant's reliance on the foreclosure auction process and the foreclosure deed for its allegation that a contract existed between the two parties is therefore misguided.[2] Accordingly, we determine that appellant inadequately alleged the existence of a contract—the quintessential requirement for a breach-of-contract claim. *See Richardson v. Jones*, 1 Nev. 405, 408 (1865) (establishing that a plaintiff must prove the existence of a contract in a breach-of-contract claim). Appellant therefore did not state a viable claim for breach of contract.

We next conclude that appellant failed to state a viable claim for breach of the duty of good faith and fair dealing because such duty presupposes the existence of a contract. *See JPMorgan Chase Bank, N.A. v. KB Home*, 632 F. Supp. 2d 1013, 1022-23 (D. Nev. 2009) (providing that the implied duty of good faith and fair dealing "presupposes the existence of a contract" (internal quotation marks omitted)); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991) (noting that a claim for a breach of the duty of good faith and fair dealing is sometimes considered "a 'contort' because of its hybrid contract-tort nature"). To the extent that appellant bases this claim on NRS 116.1113,

---

[2]We are not persuaded that the auction process or the foreclosure deed constituted a contract. Although appellant relies on NRS 111.707's definition of "contract," this definition pertains to the "Nonprobate Transfer of Property Upon Death" statutory subchapter, which is inapplicable here.

we are not persuaded that appellant's complaint sufficiently alleged a claim for relief.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District
Department 24, Eighth Judicial District
Salvatore C. Gugino, Settlement Judge
Kerry P. Faughnan
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk