IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMOND A. MYERS, AN
INDIVIDUAL; AND RAYMOND A.
MYERS AS TRUSTEE OF THE
RAYMOND A. MYERS 2017 TRUST,
Appellants,
vs.
THOMAS MILLER, AN INDIVIDUAL;
AND THOMAS MILLER AS TRUSTEE
OF THE THOMAS MILLER TRUST,
Respondents.

No. 81189

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a contract action. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.[1]

Respondent Thomas Miller sued his neighbor, appellant Raymond Myers, seeking to stop Myers from constructing a garage on his property. Miller alleged that Myers breached the neighborhood's restrictive covenants (CC&Rs) by commencing construction without first obtaining approval from the architectural review committee (ARC). Miller also sought injunctive and declaratory relief. Pursuant to a stipulated preliminary injunction, Myers submitted proposed plans to the ARC for its review. The ARC deadlocked and memorialized its findings in a written decision. The district court granted Miller's later motion for summary judgment on his breach-of-contract claim and entered an injunction requiring Myers to

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-26858

obtain ARC approval by a majority vote before he could recommence construction.

Myers argues that the district court erred in granting summary judgment on Miller's breach-of-contract claim because Miller did not prove damages. *See Richardson v. Jones & Denton*, 1 Nev. 405, 408 (1865) (providing that "it is necessary to establish actual damages resulting from [a claimed] breach [of contract]"). We review de novo and agree. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing summary judgment de novo). The district court erred when it found Miller had special damages in the form of his attorney fees in bringing and prosecuting the underlying action. *See Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955-58, 35 P.3d 964, 968-70 (2001) (reviewing an award of attorney fees as damages de novo and discussing situations in which this court allows attorney fees incurred as special damages as the foreseeable result of a breach of contract), *receded from on other grounds by Horgan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007). Although *Sandy Valley* allows attorney fees as damages when a party seeks to "recover[ ] real . . . property acquired through the wrongful conduct of the defendant," such fees are not appropriate in this case as Miller was attempting to *protect* his real property rights, rather than *recover* real property.[2] *Id.* at 957, 35 P.3d at 970. And the district court also erred when

---

[2]It is well-established that Nevada landowners do not have a protectable property interest in the view from their property. *See Boyd v. McDonald*, 81 Nev. 642, 651, 408 P.2d 717, 722 (1965) (holding that property owners generally have no right to a particular view). While the rights provided for in CC&Rs constitute real property rights, here they only required that the ARC *consider* the view of neighboring properties when reviewing a homeowner's proposed plans; they did not require the view to

it found Myers' conduct was unreasonable and constituted bad faith at the summary judgment stage, as that is a jury decision. *See id.* at 958, 35 P.3d at 970 (providing that attorney fees are recoverable as damages when a party's "bad faith conduct" necessitates bringing an action for declaratory or injunctive relief); *see also Lee v. GNLV Corp.*, 117 Nev. 291, 296, 22 P.3d 209, 212 (2001) ("Whether a defendant's conduct was 'reasonable' under a given set of facts is generally an issue for the jury to decide."). Because we reject the district court's finding of damages, we must reverse its grant of summary judgment on Miller's breach-of-contract claim. *See Richardson*, 1 Nev. at 408; *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 (providing that summary judgment is only appropriate when the moving party is entitled to judgment as a matter of law).

We further conclude that the district court erred when it issued injunctive and declaratory relief requiring Myers to obtain ARC approval by a majority vote because it is contrary to the express language of the CC&Rs. *See Public Emps. Benefits Program v. Las Vegas Metro. Police Dept.*, 124 Nev. 138, 146, 179 P.3d 542, 548 (2008) (explaining that "[w]hen legal, not factual, issues are at play," this court reviews a district court's order granting declaratory relief de novo); *A.L.M.N., Inc. v. Rosoff*, 104 Nev. 274, 277, 757 P.2d 1319, 1321 (1988) (reviewing a district court's decision to issue a permanent injunction de novo because it issued the permanent injunction concurrent with entering summary judgment); *see also Nev. State*

---

be *preserved. See Meredith v. Washoe Cty. Sch. Dist. By & Through Bd. of Trs.*, 84 Nev. 15, 17, 435 P.2d 750, 752 (1968) (concluding that restrictive covenants are "property right[s] accorded legal recognition and protection"). And the record shows that the ARC considered the impact Myers' proposed addition would have to the surrounding areas, including Miller's view, before it voted.

*Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev., Adv. Op. 8, 482 P.3d 665, 671 (2021) ("This court reviews a district court's interpretation of a contract, a question of law, de novo."). The CC&Rs expressly provide that all ARC disapprovals must be in writing and that, if the ARC fails to provide disapproval in writing within 30 days of receiving the homeowner's proposed plans, the project will be deemed "fully approved."[3] The CC&Rs do not have a majority approval requirement, and the district court therefore erred by "attempt[ing] to increase the legal obligations of the parties" when it declared Myers could only obtain approval to proceed with construction by a majority vote. *Physicians Ins. Co. v. Williams*, 128 Nev. 324, 331, 279 P.3d 174, 178 (2012) (quoting *Griffin v. Old Republic Ins. Co.*, 122 Nev. 479, 483, 133 P.3d 251, 254 (2006)) (further internal quotation marks omitted) (reversing an award of declaratory relief where the contract at issue unambiguously provided for a different outcome); *see also U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 184, 415 P.3d 32, 36-37 (2018) (explaining that CC&Rs are a contract). We must therefore also reverse the district court's grant of injunctive and declaratory relief as such

---

[3]We reject Miller's argument that Myers materially breached the CC&Rs such that he could not rely on the "automatic approval" provision. Although Myers did not submit two complete sets of plans to the ARC as the CC&Rs required, we are not persuaded that this constituted a material breach or that the ARC exceeded its authority when it accepted the submission as complete. *See Cain v. Price*, 134 Nev. 193, 196-97, 415 P.3d 25, 29 (2018) (defining a material breach of contract); *Washoe Cty. Sch. Dist. v. White*, 133 Nev. 301, 304, 396 P.3d 834, 838 (2017) (explaining that this court will enforce a clear and unambiguous contract as written).

relief did not comport with the CC&Rs.[4] *Physicians Ins. Co.*, 128 Nev. at 331, 279 P.3d at 178. Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, J.
Parraguirre

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:   Hon. Barry L. Breslow, District Judge
      Laurie A. Yott, Settlement Judge
      Gunderson Law Firm
      Simons Hall Johnston PC/Reno
      Washoe District Court Clerk

---

[4]We also reject Miller's argument that the relevant injunctions requiring Myers to get ARC approval to build the garage did not incorporate the CC&Rs' automatic approval provision, as Miller offers no explanation why the CC&R language would not control. *See Physicians Ins. Co.*, 128 Nev. at 331, 279 P.3d at 178; *see also Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that a party must "cogently argue, and present relevant authority, in support of his appellate concerns").

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.